## ARGUED AND DETERMINED

### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

### AT MACON,

### FEBRUARY TERM, 1850.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

No. 24.—BERRY RODGERS, plaintiff in error, vs. JOHN P. EVANS, defendant.

[1.] The judgment of a Court which has no jurisdiction of the cause, is entirely void.

[2.] But where the Court has jurisdiction of the cause and parties, and only proceeds *erroneously,* the judgment, notwithstanding such error, is binding, until it is vacated or reversed.

[3.] Upon an affidavit of illegality, to the *execution,* the *validity* of the *judgment* cannot be attacked.

˗Levy and illegality, in Bibb Superior Court. Decision at July Term, 1849, by Judge FLOYD.

It appears that one W. J. Bollock had obtained a *fi. fa.* vs. R. K. Evans, J. P. Evans and Berry Rodgers, in February, 1841, for $308 15; that Rodgers paid it off, and at the November Term, 1842, of Bibb Superior Court, obtained an order of control, under the Act of 1840. The order recites, that Rodgers was the last indorser on the note—the foundation of the said *fi. fa.;* that he had been compelled to pay it in full ; and that, *by testi-*

*mony*, it appeared to the Court, that J. P. Evans, though occupying the place of first indorser, was, in fact, the principal in the debt; and then orders that Rodgers have the use and control thereof, to reimburse himself to the whole amount, as against J. P. Evans, but only as to half, as against the other *real* indorser, R. K. Evans.

In November, 1848, this *fi. fa.* was levied on certain property in possession of Jno. P. Evans, to which he took illegality, on the following grounds:

1st. Because he alleged that said *fi. fa.* had been paid off by Rodgers, one of the defendants.

2d. Because it was being used by one indorser against another indorser; and this could be done in the case of *fi. fas.* founded on bankable paper alone.

At July Term, 1849, the illegality was sustained, on the ground that "the facts being sustained by the records and proceedings in the cause, and said Rodgers having paid said *fi. fa.* he was not entitled to control the same against said J. P. Evans." The counsel for Rodgers, then and there objecting to said illegality, for the reasons—

1st. That it nowhere appeared that said *fi. fa.* had been paid by J. P. Evans.

2d. That by the order of the Superior Court, at November Adjourned Term, 1842, the control had been given to said Rodgers, and that said order was in force, unrevoked, and made by a Court of competent jurisdiction.

3d. Because the facts stated in said illegality, if true, are not sufficient to arrest or annul it; and said Rodgers is entitled to collect the money due on said *fi. fa.* from said J. P. Evans.

Which grounds of motion to dismiss the illegality, the Court, as said, overruled; and counsel for Rodgers excepted; and thus the case comes up.

STUBBS and LESTER, for plaintiff in error, cited—

4 *Bac. Abr.* 106, 115, 116, 117.    *Yelverton*, 68.    *Chitty's Practice*, 275.

POWERS, (representing *McDonald*,) for defendant.

Rodgers *vs*. Evans.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The order of November, 1842, declaring John P. Evans the *principal* debtor, in the note which Berry Rodgers was compelled to pay, and giving to Rodgers, as *indorser*, the use and control of the judgment, to re-imburse himself as *security*, certainly entitled him to the execution, which he has caused to be issued thereon, and which has been arrested by the affidavit of *illegality*, interposed by the defendant; and being passed by a Court of competent jurisdiction, and remaining in full force, we know of no authority in this, or any other Court, to treat it as a nullity. On the contrary, the presumption is *omnia rite acta*. Any other course would overturn the landmarks of property.

In *Rose vs. Himely*, 4 *Cranch*, 278, it is said, if a judgment be merely irregular, the Courts of the country pronouncing the sentence, are the exclusive judges of that irregularity, and their decision binds the world. So, in *Kempe's Lessees vs. Kenedy*, 5 *Ib*. 186, the Supreme Court of the United States say—" The judgment it gave was *erroneous, but it is a judgment*, and until reversed, it cannot be disregarded." In *Windham vs. Windham*, 3 *Ch. Rep*. 12, an indirect attack was made upon the decree of a Court of Equity, ordering a sale—whereupon, the Lord Keeper remarked—" You blow up with gunpowder the whole jurisdiction, if such a purchaser is not protected."

We take this to be the true distinction, and to be well settled by the authorities.

[1.] A judgment of a Court which has no jurisdiction of the cause, is entirely void.

[2.] But where the Court has jurisdiction both of the cause and the parties, and proceeds *erroneously*, the judgment, notwithstanding the error, is binding, until it is vacated or reversed. *Gorrill vs. Whittier*, 3 *N. H. Rep*. 269. *The Case of the Marshalsea*, 10 *Co*. 76. *Elliot vs. Piersol*, 1 *Pet. S. C. Rep*. 340. *Smith vs. Shaw*, 12 *Johns. Rep*. 256, 267. *Lotham vs. Edgerton*, 9 *Cowan's R*. 227. *Brown vs. Crampton*, 8 *D. & E*. 424. *Hecker vs. Jarratt*, 3 *Bin*. 410. *Prescott vs. Hull*, 17 *Johns. R*. 290. *Holmes vs. Remson*, 20 *Johns. R*. 268. *The same parties*, 4 *Johns. Ch. R*. 460, *and the cases there cited*. *Homer vs. Fish et al*. 1

*Pick. Rep.* 435. *Saxton vs. Chamberlain,* 6 *Pick R.* 422. *Minor vs. Walker,* 17 *Mass. R.* 237. *See also* 3 *Pick.* 33. 4 *Ib.* 228. 7 *Ib.* 341. 8 *Ib.* 113.

Without denying the *validity* of this order, we held, when the same parties were before us in August, 1846, (1 *Kelly,* 463,) that neither *the order,* nor any of the numerous Statutes which had been passed for the relief of securities, authorized the *capias ad satisfaciendum* which was *first* issued at the instance of Rodgers; and we characterized the November order itself, on that occasion, as a "most anomalous" proceeding. And it is due to the Circuit Judge, who rendered the judgment against the *fi. fa.* which we are now called on to review, to state, that he was probably misled by the reasoning of the Court in that case, to pronounce the opinion which he did in the present case. Still, it was not our intention to assume the power to vacate that order, however *improperly* and *irregularly granted.*

[3.] Especially, we apprehend, can this not be done, in this proceeding of *illegality,* the object of which is, not to be delivered against an unjust judgment, by setting it aside; but conceding the rightfulness of the judgment, it resists the *execution,* on account of some injustice in the party who seeks to enforce it.

The judgment below must, therefore, be reversed.