Field *vs.* Sisson *et al.*

---

JOHN D. FIELD, administrator, plaintiff in error, *vs.* JAMES B. SISSON *et al.*, administrators, defendants in error.

When an affidavit of illegality had been filed to an execution, and the questions of illegality involved therein had been finally adjudicated by this Court: *Held*, that such adjudication was conclusive upon the rights of the parties in that case. *Held*, further, that the party making such affidavit of illegality, could not, nor could his legal representative after his death, by a motion to set aside the execution and judgment for the same causes embraced in the affidavit of illegality, or which might have been embraced therein, be heard to vacate or set aside said execution and judgment, the more especially after the lapse of several years since the rendition of the same, for causes which may have existed prior thereto.

Illegality. Amendment. *Res Adjudicata.* Before Judge KNIGHT. Lumpkin Superior Court. September Term, 1869.

On the 5th of September, 1844, James Sisson, Thomas S. Sisson and Thomas W. Bachelor, administrators of Charles B. Sisson, recovered a judgment against the Dahlonega Tanning and Leather Manufacturing Company, and on the 20th of the following September, a *fi. fa.* was issued thereupon against said corporation and its stockholders. In June, 1845, it was levied upon certain property of David H. Mason, as one of the stockholders. Mason filed an oath of illegality, upon the grounds that he was not then, nor was at the commencement of said suit, a stockholder, and that no notice was ever published, as required by law, of the beginning of said suit, so as to bind the private property of the stockholders.

Various other judgments were entered against said corpo-

ration and the *fi. fas.* were levied upon the goods of the alledged stockholders, and they were met by like affidavits of illegality, by Mason. Among these plaintiffs in *fi. fa.* were Force, Brothers & Company. Mason had died and his administrator, John D. Field, was made a party to all of said cases.

In August, 1856, by consent, that one decision should control all, counsel took up all these cases simultaneously, and a motion was made to dismiss the affidavits because insufficient in law, and that motion was overruled. This decision was reversed by the Supreme Court. See *Force, Brothers & Co. vs. the Dahlonega Tanning and Leather Manufacturing Company.* 22 *Ga. R.,* 86. In January, 1860, a new trial was had, judgment went against Mason and he again took the cause to the Supreme Court and it affirmed the judgment. See 30*th Ga. R.,* 99.

In January, 1868, Field, as administrator of D. H. Mason, filed an amendment to the affidavit of illegality, in the case of Sisson *et al.,* aforesaid. The grounds taken in the amendment were, 1st, because Mason's property was levied on before a return of *nulla bona* against the corporation; 2nd, because even after such return, the private property of stockholders could be levied upon only rateably, and no one stockholder's property could be levied on for all of any *fi. fa.;* because Mason's estate had paid more of the indebtedness of said Company in judgment at the date of the original affidavit of illegality, than is due on the Sisson *fi. fa.,* aforesaid, and because said Mason had no notice of the suit in which the judgment, on which this *fi. fa.* is based, was founded. These grounds were not sworn to. At April adjourned term, 1869, the Court dismissed the original affidavit, and refused to allow said amendment, because the questions had been already decided in said cases cited *ante,* and because Mason had agreed in writing that the decision of Force, Brothers & Company's case should control this one.

At September Term, 1869, only a few days afterwards, Field, as Mason's administrator, moved to set aside said original judgment, because Mason had no notice of the suit

Field *vs.* Sisson *et al.*

upon which said judgment was founded ; because Mason was not a stockholder in said Company ; because acknowledgment of service and notice by the Treasurer of said Company (there being a President) could not bind said Company, nor is such service and notice legal notice of the pendency of the suit ; because, if there was no President of said Company, or said Company had ceased to exist, the service must have been upon each stockholder, to make them individually liable ; because the pleadings in said cause show that Mason was not a party, and had no notice ; because there was a misjoinder of parties in said action, the notes sued on being signed by divers persons ; because there is no evidence that Richard F. Norrell, who acknowledged service of said action, was Treasurer of said Company. These grounds were not verified, except as hereafter appears. In support of this the original writ was produced. It was a suit, in the usual form, by Charles B. Sisson against said Company, averring that on the 30th of January, 1843, said Company, by its President, David H. Mason, and its Treasurer, Zelotes H. Mason, made two single bonds, signed by said President and Treasurer, as such, and sealed with the seal of said Company, payable to said Treasurer's order, whereby, etc., which said Treasurer endorsed to plaintiff ; that Benjamin Swanton, its then President, and Richard F. Norrell, its then Treasurer, afterwards, etc., made other single bonds (described) signed by them, as such officers, and sealed with the seal of the Company, payable to the order of said Swanton, which said plaintiff afterwards bought from Swanton, he endorsing them to him, etc. To this writ were attached copies of said bonds, signed and sealed with the Company's seal, as aforesaid. On it appeared an acknowledgment of service, in the usual form, signed by said Norrell, as Treasurer, and sealed with the corporate seal, and a verdict and judgment against the Company, dated the 5th of September, 1844. The Court overruled the motion to set aside the judgment. His dismissal of the old oath of illegality, the refusal to allow the amendment of it, aforesaid, and the refusal to set aside the judgment, upon the grounds aforesaid, are assigned as errror.

WEIR BOYD, R. A. QUILLIAN, by HILLYER & BROTHER, for plaintiff in error.

H. P. BELL. W. P. PRICE, by the REPORTER, for defendants.

WARNER, J.

The questions of illegality involved in this case have heretofore been finally adjudicated by this Court, and such adjudication is conclusive upon the rights of the parties and their legal representatives, as to the same causes embraced in the original affidavit of illegality, or which might have been embraced therein, at the time of filing the same; and a motion to set aside the execution and judgment for the same causes, will not be heard, the more especially after the lapse of several years after the rendition of the judgment overruling said grounds of illegality, which are again urged and attempted to be set up against the validity of the original judgment. It is for the public interest, that there should be an end to litigation when a cause has been finally adjudicated.

Let the judgment of the Court below be affirmed.