Emory vs. Smith.

---

ELIZABETH EMORY, executrix, plaintiff in error, vs. JAMES G. SMITH, for use, etc., defendant in error.

If an execution issue in accordance with the judgment in a case, it is not a good ground for an affidavit of illegality to stay the execution that the judgment is irregular.

Judgment. Execution. Illegality. Before Judge JAMES JOHNSON. Harris Superior Court. October Term, 1873.

James G. Smith, for the use of Edwin M. Hines, brought complaint against "Elizabeth Emory, executrix of Samuel Emory, deceased," on five promissory notes dated March 12th, 1861, due December 25th, next thereafter, payable to plaintiff bearer, and each for the sum of $50 00. Judgment by default in the usual form was rendered in favor of "the plaintiff" against the "defendant." Execution issued to be levied "of the goods and chattles, lands and tenements of Elizabeth Emory, executrix of Samuel Emory, deceased." A levy was made upon certain lands as the property of the deceased.

The defendant filed an affidavit of illegality, setting up the following grounds:

Emory *vs.* Smith.

1st. Because in the original suit upon which this *fi. fa.* was obtained, the defendant was sued in her representative character, to which there was no plea of *ne unques* executrix, or release to herself, or *plene administravit præter* and a finding against her, and therefore the judgment should have been *de bonis testatoris*, and the execution in accordance therewith.

2d. Because if said judgment and execution are illegal, she has a valid defense to the original suit, of which she was not aware until after said judgment was obtained.

Upon demurrer filed the affidavit of illegality was dismissed. To which ruling defendant excepted.

JAMES M. MOBLEY; R. A. RUSSELL, by JAMES M. RUSSELL, for plaintiff in error.

L. L. STANFORD, for defendant.

McCAY, Judge.

Under the uniform rulings in this state, an *illegality* does not lie on the ground that there is error in the judgment. Not, at least, unless the judgment be void. Here the most that can be said is that the judgment was irregular. Such a judgment was possible under our law, under the writ. There was no error therefore in overruling the illegality. This proceeding is a statutory one, and only in special cases, to-wit: when the *execution is proceeding* illegally. If it conforms to the judgment it is not proceeding illegally, except, perhaps, when the judgment is absolutely void. We do not say the party has no remedy. If the facts are true, as stated, this can hardly be so. We leave this, however, to the party's own discretion.

Judgment affirmed.