# Supreme Court of Georgia,

## AT ATLANTA.

### SEPTEMBER TERM, 1883.

PRESENT—JAMES JACKSON, . . . . . . CHIEF JUSTICE.
SAMUEL HALL, . . . . . . . ASSOCIATE "
M. H. BLANDFORD, . . . . . " "

71  11
0115  265

BRANTLEY, administratrix, *vs.* GREER, guardian.

1. Unless a judgment is void, an affidavit of illegality is not the proper mode of setting it aside. If the defects alleged to exist in a judgment or decree amount only to irregularities, they should be corrected by a motion for that purpose made in the court which rendered it.

2. Where a proceeding originates in the court of ordinary, and calls upon executors and administrators to account, a citation is all the pleading that is necessary; and it would seem that this proceeding is a substitute for a bill to account and settle in equity, as that court has, by express enactment, concurrent jurisdiction for the purpose.

3. The complaint that the decree in this case is indefinite and uncertain is not well founded. It is clear and definite as to all its material parts; indeed it is redundant.

(*a.*) A judge who happens to be related within the fourth degree to an auditor, is not disqualified from awarding him costs in the case. This ground of disqualification is applicable alone to parties, and the auditor is no party to the case.

(*b.*) Besides, this execution did not issue for the auditor's costs, but only for the amount awarded to the plaintiff, and this question was neither raised in the court below, nor is it before this court

October 2, 1883.

v 71—2

Judgments. Administrators and Executors. Judge. Disqualifications. Auditors. Costs. Before Judge ADAMS. Macon Superior Court. May Adjourned Term, 1883.

Greer, guardian, cited Brantley, administratrix, to appear before the ordinary to settle the estate; an appeal was taken; the case was referred to an auditor, and on his report a decree was rendered. The judge presiding rendered a decree, in favor of the plaintiff against the defendant, to be levied on the property of the decedent in the hands of the administratrix, including certain property which was decreed to be among the assets of the decedent. Judge Simmons, who was presiding, being related to the auditor, a judge *pro hac vice* then took his place and decreed fees to the auditor, and both judges signed the decree. Execution issued for principal, interest and costs, to be levied of the goods of the intestate in the hands of his administratrix. An affidavit of illegality was interposed on the following grounds:

(1.) Because there were no pleadings on which to base a decree.

(2.) Because the decree rendered by the regular judge and the judge *pro hac vice* was irregular and invalid.

(3.) Because the execution did not follow the decree as to the property on which the same was to be levied.

On demurrer, the affidavit was dismissed, and defendant excepted.

J. M. DuPree; E. G. Simmons, for plaintiff in error.

J. W. Haygood; W. H. Fish, by brief, for defendant.

Hall, Justice.

1. This affidavit of illegality, so far as it has a semblance of merit, is an attack upon the decree or judgment on which the execution in question issued. Unless the judgment is void, this is not the proper mode of setting it

aside.  8 *Ga.*, 143 ; 11 *Ib.*, 137.  If the defects alleged to exist amount only to irregularities, they should be corrected by a motion for that purpose made in the court which rendered it.  51 *Ga.*, 323 ; 54 *Ib.*, 494.

If the defendant has had his day in court, he cannot go behind the judgment by an affidavit of illegality.  Code, §3671.

2. Where a proceeding originates in the court of ordinary, and calls upon executors and administrators to account, a citation is all the pleading that is necessary. Code, §§2598, 2599.  And it would seem that this proceeding is a substitute for a bill to account and settle in equity, as that court has, by express enactment, concurrent juris-- diction for the purpose.  *Ib.*, §2600.

3. The complaint that the decree in this instance is indefinite and uncertain, is not well founded. It is clear and definite as to all its material parts ; indeed, it is redundant in finding what assets are in the defendant's hands belonging to her intestate.  The amount found to be due the plaintiff was directed to be levied upon the effects of the intestate in the hands of the defendant unadministered. The judgment was not against the property specified in the decree, and the execution was properly issued against the goods, etc., of the intestate in the hands of the defendant to be administered, without setting forth, as was done in the decree, of what these goods, etc., consisted. All this part of the decree was rendered by the presiding judge.  There was an auditor in the case, who was related to the judge within the fourth degree of affinity, and a judge *pro hac vice* was agreed upon to decree the auditor compensation for his services, which he did.  These particulars were embodied in the same decree, and that was signed both by the presiding judge and the judge *pro hac vice.* The part that each took in the proceeding appears upon the face of the decree.  This course was certainly unusual, and we are inclined to the opinion that the particularity observed was unnecessary.  The compensation of the

auditor was a part of the necessary costs in the case. and the auditor was, *quoad hoc*, an officer of the court. We know of no law which disqualifies a judge, who hap- pens to be related within the degrees mentioned to such an auditor, from awarding him costs in the case. This ground of disqualification is applicable alone to parties, and the auditor is no party to the cause. Code, §205. Be- sides, this execution did not issue for the auditor's cost, but was issued only for the amounts awarded to the plaintiff in the suit, and this question as to the auditor's rights was not before the lower court, nor is it before this. The de- cree attempted to be set aside by this proceeding, so far as it affects the plaintiff, and so far as it is before us, was regularly entered up and signed by the judge of the supe- rior court presiding in the cause.

The affidavit of illegality was properly disposed of by sustaining the demurrer.

Judgment affirmed.