### JONES *et al. v.* HAMMACK.

Where all the questions made in a claim case were decided against the claimant upon an affidavit of illegality previously interposed by him to the levy of the execution (he having been served as a defendant and pleaded in the suit in which the judgment was rendered), the property levied on was properly held subject because the affidavit of illegality had been dismissed on demurrer.

(*a*) The judgment sustaining the demurrer to the affidavit of illegality, whether right or wrong, binds the parties to that proceeding if unexcepted to, the court rendering it having jurisdiction of the subject-matter and the parties.

(*b*) Though the original judgment may have been erroneous under the pleadings in the case, the court that rendered it having jurisdiction of the subject-matter and the parties, and it being unexcepted to, it was not void. If there were defects in the pleadings, they were amendable and were cured by the judgment.

April 24, 1889.

Judgments.. Illegality. Jurisdiction. *Res adjudicata.* Amendment. Before Judge RONEY. Burke superior court. December adjourned term, 1887.

Reported in the decision.

J. J. JONES & SON, for plaintiffs in error.

R. O. LOVETT and E. L. BRINSON, *contra.*

SIMMONS, Justice.

Hammack brought suit on a promissory note for $140, given by one Wesley Jones, as trustee of certain trust property described in the declaration. The trustee died after the note was given and before this suit was brought; and no successor was appointed in his place. The declaration set out the beneficiaries of the trust and described the property of the trust estate, and prayed process against said beneficiaries. It alleged that the note was given for a cotton gin which was necessary for the trust estate. All the beneficiaries were properly served, and they filed pleas to said action. Judgment was rendered by the court for the amount due on the note. The judgment recites that " J. B. Jones is, under

the terms of the deed creating said trust estate, entitled
to a life estate in the said trust property" (describing
it), "and it further appearing that said trust estate is
liable for said debt, it is adjudged that the said sums as
aforesaid be paid out of the life estate of said J. B.
Jones in the aforesaid described trust land." Upon
this judgment execution was issued, and was levied
upon his life estate in a portion of the trust lands. J. B.
Jones filed an affidavit of illegality thereto, upon the
ground that the levy was illegal and void because it
did not follow the judgment, and for uncertainty; and
that the judgment was illegal and void because it was
against the life estate of the deponent, and because it
did not follow the declaration, and was void for uncer-
tainty because the trust estate had no such title to the
land levied upon as could then be sold.

This illegality was demurred to as to all the grounds
thereof, and the demurrer was sustained. No excep-
tion was taken to the judgment sustaining the de-
murrer. Afterwards, J. B. Jones, for himself and other
beneficiaries, filed a claim to the land levied on. After
the introduction of evidence in the case, it was sub-
mitted to the judge for decision without the interven-
tion of a jury, and he held the property subject on the
ground that the same questions made in the claim case
were made and decided against the claimants in the affi-
davit of illegality, and that the judgment in that case
having been against the defendants and unexcepted to,
it was binding upon them in this case. They excepted
to this ruling and brought the case here.

We think the court was right. All the questions
made in the claim case were decided against J. B. Jones
upon his affidavit of illegality. The judgment sustain-
ing the demurrer to the grounds of the affidavit of ille-
gality was unexcepted to, and was therefore a valid and
binding judgment upon him. The court that sustained

the demurrer to the illegality, had jurisdiction of the subject-matter and the parties; and whether the judgment was right or wrong, it binds the parties to that proceeding. The same may be said of the original judgment upon the suit brought on the note. The court that rendered that judgment had jurisdiction of the subject-matter and the parties, and that judgment was unexcepted to, and binds them. The original judgment may have been erroneous, under the pleadings in the case, but was not void, as was contended here by the counsel for the plaintiffs in error. If there were any defects in the pleadings, as claimed by counsel for plaintiffs in error, they were amendable, and were cured by the judgment. See *Zimmerman* v. *Tucker*, 64 *Ga.* 432; *Artope* v. *Barker*, 74 *Ga.* 462.

*Judgment affirmed.*