## BROCK *v.* BROCK.

Where a petition for certiorari, seeking to set aside a judgment from a jus-
tice's court, has been overruled, the petitioner can not afterwards, by af-
fidavit of illegality to the levy of an execution issued upon such judgment,
avail himself of any defense which was made or which could have been
made as a ground of certiorari.

Argued February 14, — Decided April 1, 1898.

Affidavit of illegality.   Before Judge Gober.   Fannin supe-
rior court.   May term, 1897.

*O. R. Dupree,* by *Glenn & Rountree,* for plaintiff in error.

SIMMONS, C. J.   This is a case in which the doctrine of res
adjudicata fully applies.   Burton Brock had an attachment
levied upon the land of John N. Brock, the attachment being
returnable to a justice's court.   The justice rendered judgment
upon the attachment, and the defendant took the case by cer-
tiorari to the superior court.   His certiorari was overruled, and
execution, issued upon the judgment, was levied upon the land
of John N. Brock.   The latter then filed an affidavit of illegality
to the execution.   This affidavit of illegality was dismissed by
the court, as insufficient in law; and John N. Brock brings the
case here for review.   In the affidavit of illegality it was al-
leged, that when the constable levied the attachment upon the
land he did not enter thereon nor give notice of the levy to
either the defendant in attachment or his tenant who was in
possession of the land; that the judgment was therefore illegal
and void.   In support of this contention, plaintiff in error cites
the case of *Smith* v. *Brown,* 96 *Ga.* 274.   The affidavit also
showed that in the certiorari this identical point had been made;
for it states that deponent "undertook to correct the same [the
judgment complained of] by certiorari, for the reasons that de-
ponent had no notice of the levy of the attachment or the ren-
dition of the judgment as required by law, and that this depo-
nent has good and sufficient defense to the attachment proceed-
ings, in this, that the debt sued upon was barred by the statutes
of limitations, and that there was no consideration for the debt
attempted to be collected: all of which this deponent reaffirms
and now avers for the purpose of this illegality."   Thus the

affidavit showed that the very point which was sought to be made therein had been already adjudicated against the defendant in attachment, by a court of competent jurisdiction. The judgment of that court may have been erroneous under the facts as now alleged, but it is binding upon the plaintiff in error until it is reversed or set aside. That judgment remaining undisturbed, the matter is res adjudicata, and the plaintiff in error will not be allowed again to litigate this question or to raise it in another proceeding between the same parties.

*Judgment affirmed. All concurring, except Cobb, J., absent.*