### 7632. HARRIS v. EXCHANGE BANK OF FORT VALLEY.

The judgment of this court at the October term, 1915, in the case then pending between the parties in this matter, was a final judgment upon the controlling questions in the affidavit of illegality; and the court did not err in dismissing the affidavit of illegality on motion.
DECIDED JANUARY 23, 1917.

Affidavit of illegality; from city court of Houston county—Judge Riley. June 23, 1916.

*Duncan & Nunn,* for plaintiff in error.

*Brown & Brown,* contra.

GEORGE, J. This case was before this court at the October term, 1915. *Harris* v. *Exchange Bank of Fort Valley,* 17 *Ga. App.* 700 (88 S. E. 40). The case was then considered on the

refusal of the trial court to set aside and vacate the judgment upon which was issued the execution to which the present affidavit of illegality is filed. The grounds of the motion to set aside the judgment, so far as material here, are: (1) Movant was not a party to the trial of the case in the court below, and never had his day in court. (2) Movant made answer to a summons of garnishment in this case, but did not admit any indebtedness to the defendant in fi. fa. Subsequently a claimant interposed a claim to the fund referred to in the answer of movant and gave a bond to dissolve the garnishment, and for this reason no legal judgment could thereafter be rendered against movant. (3) Movant's answer, in which indebtedness to the defendant was denied, was not traversed, and no valid judgment could have been rendered against him without a traverse of his answer. All the questions made by movant on the former review of this case were ruled against him. It must therefore be considered as finally adjudicated in this case that the plaintiff in error was a party to the proceeding in which judgment was rendered against him, that no traverse of his answer in that proceeding was necessary, that the said answer did admit indebtedness due by him to the defendant in the main case, and that the judgment rendered against him was legal and binding. In the affidavit of illegality stricken by the order now under review it is alleged: (1) The debt purported to be represented by said execution has been paid by this defendant in full, payment being made to the alleged claimant after the filing of a claim bond and before judgment against the plaintiff in error was rendered in the court below. (2) Defendant never had his day in court and has been denied his constitutional right of trial by jury. (3) The court rendering the judgment was without jurisdiction to render the same, there being no pleadings upon which any judgment could be legally rendered against the plaintiff in error. (4) The third ground is amplified in the 4th, in which it is again averred that, without a traverse to the answer of plaintiff in error in the garnishment proceedings in the court below, no legal judgment could have been rendered against him.

The presiding judge properly dismissed, on motion, the affidavit of illegality. The validity of the judgment having been declared by this court, the plaintiff in error can not go behind the judgment and plead a payment thereof to an alleged claimant, made

by him before the judgment was entered against him. He is precluded, upon every ground made in his affidavit of illegality, by the rule last announced, and by the order of the trial judge refusing to vacate and set aside the judgment. If res adjudicata is a matter for plea only, as is insisted by counsel for the plaintiff in error, and if a trial court may not take notice of the matters appearing of record in the same case and before him upon the trial of an issue raised in the case, including former judgments of the court, certainly the trial judge is, under the circumstances of this case, bound to enforce the ruling of this court in the same cause, involving the same questions, in the main, and between the same parties. In *Robinson* v. *Dumas, 42 Ga.* 614, Judge McCay ruled that the affidavit of illegality in that case was properly stricken on motion. The precise point made by counsel for the plaintiff in error in this case was not raised in the case last cited, and the decision in that case may not be authority binding upon this court, but the judgment dismissing the affidavit of illegality must, for the reasons hereinabove stated, be affirmed. This inevitably follows, since this court has held the very judgment in question to be legal and binding on the plaintiff in error.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*