7971. SIKES *v.* HURT.

BROYLES, P. J. 1. The court did not err in sustaining the demurrer to the affidavit of illegality and striking the affidavit and ordering that the execution proceed against the property of the defendant. The questions raised in the affidavit of illegality were substantially the same ones that he had previously raised in a motion to set aside the verdict and judgment in the case, which motion was overruled, and the judgment overruling the motion was not excepted to, and the time for excepting had expired before the affidavit of illegality was filed. Under such circumstances the former judgment of the trial court concluded the defendant as to the issues raised in the affidavit of illegality. He had had his day in court, and could not go behind the judgment by an affidavit of illegality. Civil Code (1910), §§ 4335, 4336, 5311; *Rodgers* v. *Evans,* 8 *Ga.* 143 (3), 146 (52 Am. D. 390); *Field* v. *Sisson,* 40 *Ga.* 67, 70; *Parker* v. *King,* 43 *Ga.* 299; *Brown* v. *Wilson,* 59 *Ga.* 605; *Manning* v. *Weyman,* 99 *Ga.* 57 (26 S. E. 58); *Southern Ry. Co.* v. *Daniels,* 103 *Ga.* 541 (29 S. E. 761); *Brock* v. *Brock,* 104 *Ga.* 10 (30 S. E. 424); *Fitzgerald Granitoid Co.* v. *Alpha Portland Cement Co.,* 15 *Ga. App.* 174 (82 S. E. 774); *Harris* v. *Exchange Bank of Fort Valley,* 19 *Ga. App.* 135 (91 S. E. 211).

2. Under the facts of the case it was not error for the trial judge, in passing upon the affidavit of illegality and the demurrer thereto, to consider the entire record in the original case (which had been tried by him) and his own judgment therein adjudicating the points at issue. See *Harris* v. *Exchange Bank,* supra.

3. The assignments of error as to other matters are without merit.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*
DECIDED APRIL 4, 1917.

Affidavit of illegality; from city court of Atlanta—Judge Reid. August 23, 1916.

*James & Bedgood,* for plaintiff in error.

*George T. Northen, R. E. L. Cone, Owens Johnson,* contra.