## JOHNSON *v.* HICKS.

No. 7799. October 20, 1930.

*Paul T. Chance,* for plaintiff. *W. Inman Curry,* for defendant.

HILL, J. Mrs. Berta May Hicks brought a libel for total divorce against Edward H. Hicks, to the January term, 1916, of the superior court of Richmond County, and for permanent alimony for herself and the support of their minor child Martha Virginia Hicks. On October 21, 1916, a final verdict was rendered in the case, granting a total divorce to the plaintiff, and also the sum of $5 per week as permanent alimony for said child—the child having been awarded to its mother by a previous decree of the court. The defendant paid the weekly installments of alimony until December 21, 1920, after which date he only made small partial payments upon irregular dates, and finally ceased paying entirely on May 15, 1928. At the September term, 1928, of Richmond superior court, to wit, on September 21, 1928, upon motion of plaintiff the court entered a decree in said case, granting to the plaintiff a total divorce from the defendant, in accordance with the final verdict of the jury, and directing the defendant to pay to the plaintiff the installments of alimony that had accrued to the date of the decree, less the payments made by the defendant to May 15, 1928. On October 10, 1928, the defendant filed an equitable petition for an injunction against the enforcement of said decree, and alleged that the decree was void upon various grounds, and that the judgment for the installments of alimony was dormant and barred by the statute of limitations. A rule nisi was issued, which, with the petition, was served upon the plaintiff, citing her to show cause

upon a certain named date why the decree should not be vacated and the plaintiff permanently enjoined from proceeding to collect the accrued alimony. The plaintiff answered the petition, and the same came on to be heard before the presiding judge on November 10, 1928. After hearing evidence in the case, the court denied the injunction and entered another final decree under the provisions of which the previous decree entered at the same term, and granting a divorce, was modified in accordance with the final decree which was entered nunc pro tunc as of the date of the final verdict. The final decree also directed the payment of the accrued installments of alimony, less payments made by the defendant, and provided for the payment of future installments in accordance with the final decree in the case; and execution was issued upon this final decree. The defendant thereupon sued out a bill of exceptions to the Supreme Court to review the final decree, and on September 28, 1929, the decree of the trial court was affirmed by operation of law on the opinions of a divided court. Upon the filing of the remittitur from the Supreme Court the trial court passed an order directing the sheriff to proceed to enforce collection of the fi. fa. Thereupon the defendant filed an affidavit of illegality, alleging that the fi. fa. was proceeding illegally for the reason, among others set out, that the verdict awarding alimony was too indefinite and uncertain to support a legal judgment; that the plaintiff had remarried subsequently to the verdict awarding alimony; and that the judgment sought to change and modify the verdict of the jury; and because the judgment upon which the judgment and execution issued was dormant. The plaintiff in fi. fa. filed a general and special demurrer to the affidavit of illegality, upon the grounds that the same set forth no lawful grounds of illegality that the defendant had had his day in court, that there had been a final adjudication of the issues raised by said illegality, and that the defendant could not avoid the effect of such an adjudication by a change of forum from the equity to the law side of the court. The plaintiff in fi. fa. also traversed the grounds of illegality. The plaintiff's demurrers were amended and came on to be heard on March 31, 1930, at the March term of said court. After argument the court passed an order overruling plaintiff's demurrer. To the action of the court in passing the order overruling the demurrers as amended the plaintiff in error excepted upon the ground that

the same was contrary to law. Thereupon the case proceeded to trial upon the issue raised by the illegality to the fi. fa. before a jury; and after the jury was selected and sworn, counsel for the defendant in fi. fa. made an oral motion to strike the plaintiff's traverse, upon the ground that the same was filed too late and should have been filed at the first term after the illegality was filed. After argument the court sustained the motion and passed an order striking the plaintiff's traverse to the grounds of the illegality. To this order the plaintiff excepted on the ground that it was contrary to law. Having passed the order striking plaintiff's traverse, the court, upon motion of counsel for defendant in fi. fa., and without admitting any evidence or testimony in the case, directed a verdict in favor of the defendant in fi. fa., sustaining the affidavit of illegality, upon which final judgment was entered. To the action by the court plaintiff in fi. fa. excepted, and assigns error upon the ground that the same was contrary to law.

This case was formerly before this court upon a writ of error from the superior court of Richmond County; and after argument, the same being for decision by a full bench of six Justices, who were evenly divided in opinion, the judgment was affirmed by operation of law. *Hicks* v. *Johnson,* 169 *Ga.* 246 (149 S. E. 786). The trial court, on November 10, 1928, passed an order dissolving the injunction and refusing to set aside the judgment. It further ordered the defendant to pay to the plaintiff $1931, and that upon default in the payment the defendant be attached for contempt. The judgment ordered further that the defendant, beginning Saturday, November 3, 1928, pay to the plaintiff as next friend of Virginia Hicks the sum of $5 a week towards the support of her said minor child. The court also ordered that the petition of Berta May Johnson as next friend of the minor child, seeking an increase in the amount of the support of the child to $50 a month, be denied; and that the decree entered September 21, 1928, be modified as set forth, and entered nunc pro tunc as of October 21, 1916. To all these rulings, except the refusal to increase the amount to $50, the plaintiff excepted. The judgment of the Supreme Court was made the judgment of the superior court of Richmond County on October 16, 1929, and the sheriff was ordered to proceed to execute the decree of the court entered on November 10, 1928. The execution was levied upon certain described prop-

erty. On June 11, 1929, the defendant, Edward H. Hicks, filed an affidavit of illegality to the execution issued from the superior court of Richmond County on May 4, 1929, in favor of Berta May Hicks. On June 11, 1929, Berta May Hicks, now Berta May Johnson, in response to the affidavit of illegality filed a demurrer upon various grounds, among others, that "it appears upon the face of the record" in which the illegality was filed that the defendant, Edward H. Hicks, has had his day in court, in that he was duly served, and that he appeared and defended said case throughout all the stages thereof down to the final judgment of November 10, 1928. Certain special demurrers also were filed. The plaintiff in fi. fa. amended her demurrer by adding the ground that "it appears upon the face of the record" that there has been a final adjudication between the same parties of the same issues now raised by the illegality, and the defendant can not avoid the effect of a solemn adjudication of his rights in a court of competent jurisdiction by a change of forum from the equity to the law side of the court. The court overruled the demurrer, "on the sole ground that the affidavit of illegality sets forth a cause of action, in that it set out that the judgment complained of is for a lump sum of money, and that the judgment by an order nunc pro tunc was dated as of October 2, 1916, and is therefore dormant."

From an inspection of the record in the case when it was formerly before this court, and the present record, it appears that substantially the same questions were involved in the case when it was formerly before this court, and in the present case; and although one was by an equitable petition, seeking injunctive and other relief, and the present affidavit of illegality attacks the judgment and fi. fa., they both are based upon substantially the same grounds. The judgment of the Supreme Court in the *Hicks* case, covers substantially the same questions involved in the present record; and that being so, and it thus appearing upon the face of the proceedings, the court below erred in overruling the demurrer to the affidavit of illegality. *Wilson* v. *Williams,* 115 *Ga.* 474 (41 S. E. 629) ; *Harris* v. *Exchange Bank,* 19 *Ga. App.* 135 (91 S. E. 211) ; *Sikes* v. *Hurt,* 19 *Ga. App.* 674 (2) (91 S. E. 1070). Without the affidavit of illegality, there is nothing to prevent the judgment issued by the trial court and the fi. fa. in pursuance thereof from proceeding. This ruling being controlling of the ques-

402

tions in issue, all that transpired subsequently to the overruling of the demurrer was nugatory. See *Jones* v. *Hammack*, 83 *Ga.* 255 (9 S. E. 537).

*Judgment reversed. All the Justices concur, except Atkinson, J., dissenting.*

HINES, J., concurs in the result.