## PALMER *v.* JACKSON.

No. 12821. JUNE 16, 1939.

338

*C. E. Kay,* for plaintiff in error.

*W. E. Harclerode* and *Ezra E. Phillips,* contra.

JENKINS, Justice. 1. A judgment of a trial court, which after a writ of error stands unreversed, or to which no exception has been taken, is the law of the case. *Brock* v. *Brock,* 104 *Ga.* 10 (30 S. E. 424) ; *Georgia Northern Ry. Co.* v. *Hutchins,* 119 *Ga.* 504 (2), 510 (46 S. E. 659) ; *Field* v. *Sisson,* 40 *Ga.* 67; *Rodgers* v. *Evans,* 8 *Ga.* 143 (2), 145 (52 Am. D. 390) ; *Virginia Lumber Co.* v. *A. C. L. R. Co.,* 46 *Ga. App.* 534, 536 (168 S. E. 323). "Where a motion was made to set aside a judgment, and was overruled, such latter judgment, so long as it remains unrevoked, or is not shown to be void, is a bar to any further proceedings to set aside the original judgment." *Grier* v. *Jones,* 54 *Ga.* 154. Whether or not such a defense to a repetition of the first attack, when filed *in the same case,* would fall strictly within the doctrine of res judicata, the movant under any view is precluded from a second attack based either on the same grounds or on grounds which he knew or could by due diligence have discovered in time to include them in his former pleading. *Leathers* v. *Leathers,* 138 *Ga.* 740 (76 S. E.

44); *Freeman* v. *Young*, 136 *Ga.* 754 (72 S. E. 41); *Farmer* v. *Baird*, 35 *Ga. App.* 208 (132 S. E. 260), and cit.; *Eison* v. *Coker*, 45 *Ga. App.* 122 (163 S. E. 511); *Sikes* v. *Hurt*, 19 *Ga. App.* 674 (91 S. E. 1070), and cit. See *Sumner* v. *Sumner*, 186 *Ga.* 390 (197 S. E. 833), and cit.; *Missouri Ins. Co.* v. *Lovelace*, 1 *Ga. App.* 446, 448 (58 S. E. 93), and cit.

2. Whether or not a second motion or proceeding, filed *in the same case*, to set aside a verdict and judgment would be subject to the procedural rules controlling res judicata, so as ordinarily to require a special plea setting up the judgment and facts as to the first attack, or whether it would suffice to invoke an inspection of the record without special pleading (*Ellis* v. *First National Bank*, 182 *Ga.* 641 (2), 643, 186 S. E. 813), there is no necessity, under either view, for a special plea, where the former judgment and facts relating thereto appear on the face of the second motion or proceeding itself, in accordance with the recognized exception to the general rule applicable to res judicata. *Killen* v. *Compton*, 57 *Ga.* 63; *Minnesota Lumber Co.* v. *Hobbs*, 122 *Ga.* 20 (2), 22 (49 S. E. 783); *Prisant* v. *Feingold*, 169 *Ga.* 864, 867 (151 S. E. 799).

3. The defendant in this equity case made an oral motion to vacate and set aside the verdict and decree, and at the same time filed a pleading, designated as a "plea to the jurisdiction," but containing a similar affirmative prayer. On the same day the court overruled both efforts to set aside the decree. No exception was taken to either judgment. Later the defendant filed a second pleading, here in question, which he designated as "his petition and/or motion to set aside" the said verdict and decree, and entitled with the names of the parties and the case number as they appeared in the pending equity case, while also designating himself as a new plaintiff, and praying for process against the former plaintiff as defendant. This pleading contained the judgments and the record and facts relating to the former motion to set aside. It set forth essentially the same previous ground that a description of property in an officer's return of levy on a distress warrant and the levy were insufficient and invalid; and essentially the same previous ground that the court had no jurisdiction of the subject-matter of the suit, although the latter ground is slightly varied and elaborated by additional reasons. Under the preceding rulings, since the first ground of the second pleading is essentially identical

with a ground of the former pleading, and any additions to the remaining jurisdictional ground, which are not mere enlargements of detail or reasons, failing to present any matter which the movant did not know or could not by due diligence have known and incorporated in his former pleading, the court did not err in denying the relief sought under the second pleading.

*Judgment affirmed. All the Justices concur.*