29038. CLARY *v.* CITIZENS LOAN & INVESTMENT CO.

DECIDED SEPTEMBER 27, 1941.

*Benjamin E. Pierce Jr., Franklin H. Pierce,* for plaintiff in error.

*L. W. Cooper, Frederick B. Tyler,* contra.

GARDNER, J.  Fred Oxford, as principal, and John V. Murray, Thomas L. Clary, and A. J. McGarity, as sureties, executed a promissory note to the Citizens Loan and Investment Company.  To enforce payment, suit was instituted in the municipal court of Augusta against the obligees.  Service was perfected on the principal, Fred Oxford, and on the sureties, Thomas L. Clary and A. J. McGarity, but no service was perfected on the remaining surety, John V. Murray.  At the appearance term John F. Hardin, attorney at law, filed an answer for the principal and the three sureties.  The principal verified the answer.  At the trial term C. C. Kemp, acting as agent for the loan company, took a judgment in favor of the Citizens Loan and Investment Company against Fred Oxford, Thomas L. Clary, and A. J. McGarity for the amount sued for.  This judgment was dated May 26, 1938.  On May 30, 1939, Thomas L. Clary, the plaintiff in error, filed a motion to set aside the judgment of May 26, 1938, contending in substance that since an answer had been filed for Murray it was improper, and as to him as surety illegal, for the Citizens Loan and Investment Company to eliminate from the judgment the co-surety, Murray, and that in so doing the risk of the plaintiff in error was increased and he was thereby discharged as surety.

It is the contention of Clary that Hardin, an attorney, having filed an answer for Murray, this prima facie constituted a valid appearance for Murray and amounted to a waiver of service, and that Murray himself was the only person authorized under the law to do any act which would overcome this presumption of a prima facie waiver of service; that the loan company was without lawful authority to do this and in doing so released Clary as co-surety.  It appears from the record that the judge of the municipal court, in investigating the issues brought before him by the motion to set the judgment aside, heard evidence.  The record reveals that the attorney, Hardin, appeared as a witness and testified that he was unauthorized to file an answer for either of the sureties, and that he was authorized to file an answer only for the principal,

Oxford. Upon this testimony the court struck from the answer which had been filed by Hardin to the original suit the names of the sureties, Murray, McGarity, and Clary. This order was signed November 19, 1940. On the same date a judgment was signed dismissing the motion to set aside the original judgment of May 26, 1938. On December 3, 1940, the plaintiff in fi. fa. sued out a process of garnishment and a summons of garnishment was served. On December 5 Clary filed an affidavit of illegality based on the ground that the garnishment was proceeding illegally because based on a void judgment. In this affidavit the judgment was again attacked, substantially for the same reasons as he had set up and urged in his motion to set the original judgment aside. On motion of the loan company in the nature of a general demurrer the judge dismissed the affidavit of illegality. To this last judgment the plaintiff in error excepted.

Counsel for both sides make able arguments and show careful and diligent research on the questions of release of sureties and the effect of judgment on matters of procedure, involved in the facts as above related, but as we view the case it is unnecessary to discuss them. The controlling issue is whether or not the plaintiff in error had the right, under the act creating the municipal court of Augusta, to file the affidavit of illegality, in view of the final judgment rendered November 19, 1940. The act of 1933 (Ga. L. 1933, pp. 299, 301), amending the act of 1931 (Ga. L. 1931, p. 270), provides: "Section 4. Be it further enacted by the authority aforesaid, and it is hereby enacted by authority of the same, that paragraph (c) of section 25 is hereby stricken, and the following paragraph inserted in lieu thereof, and is hereby enacted, to wit: (c) In all cases not embraced by paragraph (a) of this section, in which the principal sum claimed . . does not exceed one hundred ($100) dollars, from the judgment of said court making a final disposition of said case a writ of certiorari will lie to the superior court of Richmond County under the general law of the writ of certiorari. Section 5. Be it further enacted by the authority aforesaid, and it is hereby enacted by authority of the same, that paragraph (d) of section 25, is stricken, and in lieu thereof the following paragraph (d) is enacted, to wit: (d) From any final judgment of the said municipal court a writ of error shall lie to the Court of Appeals of Georgia, under the same rules that apply

to writs of error from the superior courts of this State; provided, nevertheless, all bills of exceptions shall be presented to the judge of said municipal court not later than ten (10) days from the rendition of the final judgment therein, and served and filed within ten (10) days from the date of the certificate of said judge." It will thus be seen that the plaintiff in error had ten days within which to except to the judgment of November 19, 1940. Failing in this, he is bound by this judgment. It became the law of the case. He could not thereafter set up the same facts in an affidavit of illegality. He had had his day in court. Code, § 39-1009. The court held in Sikes v. Hurt, 19 Ga. App. 674 (91 S. E. 1070): "The court did not err in sustaining the demurrer to the affidavit of illegality and striking the affidavit and ordering that the execution proceed against the property of the defendant. The questions raised in the affidavit of illegality were substantially the same ones that he had previously raised in a motion to set aside the verdict and judgment in the case, which motion was overruled, and the judgment overruling the motion was not excepted to, and the time for excepting had expired before the affidavit of illegality was filed. Under such circumstances the former judgment of the trial court concluded the defendant as to the issues raised in the affidavit of illegality. He had had his day in court, and could not go behind the judgment by an affidavit of illegality." See also Harris v. Exchange Bank of Fort Valley, 19 Ga. App. 135 (91 S. E. 211).

Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.