### 30861. MOORE v. SANFORD.

500

DECIDED MAY 31, 1945.

*George W. Westmoreland, E. C. Stark, G. H. Howard, Thomas L. Slappey,* for plaintiff.

*Hirsch, Smith, Kilpatrick,. Clay & Cody,* for defendant.

MacIntyre, J.  In *Western Union Telegraph Co.* v. *Griffith,*

111 *Ga.* 551 (36 S. E. 859), it is said: "A bill of exceptions may in this court be amended by the record so as to include the names of all necessary or proper parties who might have been joined with the party excepting as plaintiffs in error; aliter, as to parties defendant not named in the writ of error, who are unwilling to waive service and consent that the case be heard on its merits." In *Butler* v. *Lewman,* supra, it is said: "There was but one case in the lower court, and upon its final termination therein it was properly brought to this court by a single bill of exceptions, the plaintiff in error not being at liberty, even had he chosen to do so, to bring up his case by piecemeal." In that case the plaintiff, in an action against several defendants, carried his case to the Supreme Court for review by a single bill of exceptions excepting to separate judgments sustaining separate demurrers filed by separate defendants in the court below. In *Anderson* v. *Haas,* 160 *Ga.* 420 (128 S. E. 178), it is said: "Where suit is brought against several defendants and only one of them appears and files a defense in the form of a general demurrer and a plea and answer, and the demurrer of this defendant is sustained and the case dismissed, the other defendants who are interested in sustaining the judgment should be made defendants in error in the bill of exceptions; and if they are not made parties the bill of exceptions will be dismissed." In *Clark Milling Co.* v. *Simmons,* 155 *Ga.* 505 (117 S. E. 437), it is said: "Parties who are interested in sustaining the judgment of the court below are necessary defendants to a bill of exceptions brought by a losing party to reverse such judgment; and where some of such parties have not been served with the bill of exceptions, and have not acknowledged or waived service, the bill of exceptions, upon motion, must be dismissed."

Upon an inspection of the bill of exceptions and the record, we find that the allegations in the motion to dismiss the bill of exceptions are true, i. e., that the Atlanta Journal Company, one of the parties defendant in the litigation in the court below and directly interested in having the judgment excepted to sustained by this court, is not named a party defendant in the bill of exceptions. We conclude that the Atlanta Journal Company was a necessary party to the bill of exceptions in the instant case, and not having been served with a copy of the bill of exceptions, and not having acknowledged service thereof as required by law, the

Court of Appeals is without jurisdiction, and the writ of error must be dismissed. *Teasley* v. *Cordell*, 153 *Ga.* 397, 400 (112 S. E. 287); *Warnock* v. *Woodard*, 183 *Ga.* 367 (188 S. E. 336). See in this connection, *Barron* v. *Barron*, 181 *Ga.* 505 (182 S. E. 851). This court being without jurisdiction in the instant case is without authority to consolidate it with the case of *Moore* v. *Atlanta Journal Company*, post, or to permit the bill of exceptions here to be amended by making the Atlanta Journal Company a party defendant to the bill of exceptions in the present case. Therefore, the motion to consolidate and the motion to amend are denied, and, for lack of jurisdiction, the writ of error must be, and is

*Dismissed. Broyles, C. J., and Gardner, J., concur.*