### 35102. GROOMS *v.* GLOBE INDEMNITY COMPANY *et al.*

GARDNER, P. J. This is a case arising out of the Workmen's Compensation Act. It was referred for hearing to a single director. This director made an award in favor of an alleged common-law wife of the deceased as against a dependent of the deceased. The employer and carrier conceded that the demand was compensable, but contested for the purpose of ascertaining whether or not the alleged common-law wife or the dependent should receive the award. The single director found in favor of the alleged common-law wife. This decision was appealed by the alleged dependent to the full board, on the ground that she had only four days in which to prepare for the hearing and for other reasons, and she asked the board to reopen the case for additional testimony and thereby joined herself with the employer and the insurance carrier on their appeal to the full board. She thereby made herself a defendant in the review of the award of the single director as against the alleged common-law wife. The full board on the hearing of the appeal made an award setting aside in its entirety the award of the single director, and further directed that the case be referred back to a single director as a de novo proceeding. To this award of the full board remanding the case to a single director as a de novo proceeding, an appeal was made to the superior court by the alleged common-law wife, Ruby Mae Grooms, on the ground that the full board exceeded its authority by referring the case to a single director as a de novo proceeding. The judge of the superior court passed the following order: "The appeal of Ruby Mae Grooms coming on to be heard after argument thereon, it is considered, ordered and adjudged that the portion of the award of the full board of the State Board of Workmen's Compensation which reads, 'It is ordered that this case be assigned for a de novo hearing before a single director, or a deputy, in Atlanta, Georgia,' is reversed upon the ground that the full board acted in excess of their powers in respect thereto and the case is remanded to the full board for further action in accordance with the law." On this judgment, Ruby Mae Grooms filed a bill of exceptions, naming the employer, Gordon Foods, Inc., and the insurance carrier, Globe Indemnity Company, as defendants. A motion is made by Gordon Foods, Inc., and Globe Indemnity Company to dismiss the bill of exceptions for the reason that "Plaintiff in Error, Ruby Mae Grooms, has failed to join in said bill of exceptions as a defendant in error a necessary party defendant in error, to wit, Nellie Grooms, who, as a claimant in this case before the State Board of Workmen's Compensation, is interested in sustaining the award of the full board dated July 31, 1953, which has been appealed from by plaintiff in error, Ruby Mae Grooms, and the judgment of the Fulton Superior Court, dated January 14, 1954, which has been appealed from by plaintiff in error, Ruby Mae Grooms."

We think that the motion to dismiss the bill of exceptions is well taken. The Supreme Court, in *Clark Milling Co.* v. *Simmons*, 155 *Ga.* 505 (117 S. E. 437), said: "Parties who are interested in sustaining the judgment of the court below are necessary defendants to a bill of exceptions brought by a losing party to reverse such judgment; and where some of such parties have not been served with the bill of exceptions and

have not acknowledged or waived service, the bill of exceptions, upon motion, must be dismissed." In *Western Union Telegraph Co.* v. *Griffith,* 111 *Ga.* 551 (36 S. E. 859), the Supreme Court said on this point: "A bill of exceptions may in this court be amended by the record so as to include the names of all necessary or proper parties who might have been joined with the party excepting as plaintiffs in error; aliter, as to parties defendant not named in the writ of error, who are unwilling to waive service and consent that the case be heard on its merits." See also *Moore* v. *Sanford,* 72 *Ga. App.* 499 (3) (34 S. E. 2d 309).

Counsel for the plaintiff in error, in response to the motion to dismiss, contend that Nellie Grooms is not a party defendant, but is a plaintiff in error. We cannot agree with this contention. Nellie Grooms was a proper party defendant. She was not served with a copy of the bill of exceptions and was not made a party to it. It follows that the bill of exceptions must be

*Dismissed. Townsend and Carlisle, JJ., concur.*

DECIDED APRIL 23, 1954.

*Woods, Salem & Maddox,* for plaintiff in error.
*Ferdinand Buckley, Marshall, Greene & Neely,* contra.