### 36715. WILLINGHAM FINANCE COMPANY, INC. *v.* WALDEN *et al.*

FELTON, C. J. The writ of error is defective for two reasons: 1. It does not show on its face that it was tendered to the trial judge within the time prescribed by law, and, 2. It does not show service or waiver thereof by the defendants in error.

The final judgment excepted to was rendered on February 28, 1957. The bill of exceptions does not disclose when the bill was tendered to the trial judge. The bill was certified by the trial judge on March 20, 1957. The plaintiff in error was required to tender his bill of exceptions to the trial judge within ten days of the rendition of the final judgment excepted to. *Clary* v. *Citizens Loan &c. Co.,* 65 *Ga. App.* 859, 862 (16 S. E. 2d 782). "Unless it affirmatively appears from the record

that the bill of exceptions was tendered to the trial judge on a different date, it will be presumed that the bill of exceptions was tendered to the judge on the date his certificate is signed. *American Freehold Land Mortgage Co. of London* v. *Walker,* 115 *Ga.* 737 (42 S. E. 59); *Friendship Primitive Baptist Church* v. *Fuller,* 180 *Ga.* 469 (179 S. E. 343)." *Capers* v. *Ball,* 211 *Ga.* 502, 503 (87 S. E. 2d 85).

Since the bill of exceptions was not tendered within the time prescribed by law and since it does not appear that the defendants in error were served with a copy of the bill of exceptions or that they waived such service, we are without jurisdiction to entertain the appeal and the motion to dismiss the writ of error is sustained. See *Grooms* v. *Globe Indemnity Co.,* 90 *Ga. App.* 68 (81 S. E. 2d 851).

*Writ of error dismissed. Quillian and Nichols, JJ., concur.*

DECIDED MAY 17, 1957.

*Claud R. Caldwell,* for plaintiff in error.
*W. D. Lanier,* contra.