24138.  INTERNATIONAL LADIES' GARMENT WORKERS UNION, AFL-CIO v. SMITH (now Campos).

Argued June 12, 1967—Decided June 22, 1967—
Rehearing denied July 6, 1967.

*William M. Pate,* for appellant.

*Nolan B. Harmon, Peyton S. Hawes, G. William Thackston, Jr.,* for appellee.

Grice, Justice.  Jurisdiction of the trial court is the subject matter of the enumerations of error here.  To a petition by certain employees alleging violation of a prior judgment in the same case, a labor union interposed a plea to the jurisdiction and grounds of demurrer seeking to raise this issue.  The union appeals from the overruling of such plea and demurrers.

The petition for contempt by Sandra Smith (now Campos) and others, against International Ladies' Garment Workers Union, AFL-CIO, was filed in the Superior Court of Elbert County, with the same entitlement and number as the case resulting in the judgment claimed to be violated.  Its allegations, insofar as essential here, are those which follow.

In 1959 plaintiffs instituted against the union and their employer a class action, on behalf of themselves and all non-union employees, alleging certain discriminatory practices relating to the administration by the union, as trustee, of the employees' Health, Welfare and Vacation Fund.  In 1960 a judgment was entered which, among other matters, enjoined the union from further discriminatory practices.  The union has continued to disobey such judgment in stated particulars.  Prayers of the petition included that the union be adjudged in contempt and removed as trustee of the fund and that the plaintiffs have general and punitive damages, attorneys fees and general relief.

Substantially the same contention is made by the union's plea and grounds of demurrer involved in this appeal.  In its plea

the union asserts in substance that the subject matter of the action is regulated by the National Labor Relations Act (29 USC 151, et seq.) and the Labor Management Relations Act (29 USC 186, et seq.), and that this action is barred by federal pre-emption of the subject matter under such Acts, which vest in the National Labor Relations Board and the federal courts exclusive jurisdiction of the claim asserted in this petition for contempt and of the claim asserted in the original petition which resulted in the 1960 judgment.

In its grounds of demurrer on this issue, the union recited, in substance, that the contempt petition shows upon its face (1) that the trial court was without jurisdiction of the subject matter of the claim asserted because such subject matter is regulated by the National Labor Relations Act, supra, and jurisdiction is pre-empted by federal regulation of the subject matter under that Act; and (2) that the alleged contempt is based upon an order which the Superior Court of Elbert County was without jurisdiction to issue due to federal pre-emption of the subject matter under such Act, and therefore the order is invalid and cannot be the basis for contempt.

In support of its contention the union relies upon *Code* § 110-709 that "The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." It urges that the original 1960 judgment was void for lack of jurisdiction, and therefore that the contempt petition here must fail.

From the record in this case it appears that the same jurisdictional contention now urged in the plea and demurrers of the union was raised in the original 1959 action by the union's plea in abatement. This contention was decided adversely to it and no exception was taken. It follows that such ruling, whether right or wrong, became the law of the case. As such, under our current practice, it is controlling upon further proceedings in this same case. It has long been held that "a judgment of a trial court, which after a writ of error stands unreversed, or to which no exception has been taken, is the law of the case." *Palmer v. Jackson*, 188 Ga. 336, 338 (4 SE2d 28). There, as here, the

prior judgment, unexcepted to, involved the issue as to jurisdiction of the subject matter. See also in this connection, 21 CJS 336, Courts, § 195c.

In view of the foregoing we do not reach the merits of the question sought to be litigated, whether the Superior Court of Elbert County had jurisdiction to enter the original 1960 judgment and whether it had jurisdiction to entertain this petition for contempt brought in the same case.

As we appraise the enumerations of error here, the trial court was correct.

*Judgment affirmed. All the Justices concur.*