## LONG v. THE STATE.

126　109
s127　351

1. When that portion of the charge of the judge relating to the presumption arising from the failure to produce witnesses is considered as a whole, it was calculated to produce upon the minds of the jury an impression that such a presumption would arise when the accused introduced no testimony and relied alone upon his statement, if it appeared that there was an eye-witness to the transaction who was accessible. When so considered the charge was erroneous, and a new trial should have been granted on that ground of the motion complaining of the same.

2. Except as above indicated, no error was committed at the trial.

Argued June 19,—Decided July 28, 1906.

Indictment for murder. Before Judge Brand. Walton superior court. May 8, 1906.

*J. W. Arnold, F. C. Foster, A. C. Stone,* and *J. H. Felker,* for plaintiff in error. *John C. Hart, attorney-general,* and *S. J. Tribble, solicitor-general,* contra.

Совв, P. J. There were only two eye-witnesses to the homicide. The State introduced only one of these witnesses. The accused introduced no testimony and went to the jury on his statement. The evidence for the State authorized a verdict for murder. The statement of the accused, if believed by the jury, might have been the basis of an acquittal. The witness who was not introduced was subpœnaed by the State, sworn, and sequestered with its witnesses. It was said in the argument that this witness was also subpœnaed for the accused; but this fact does not appear in the record. Counsel for the accused requested the judge to charge as follows: "It is claimed by the attorneys for the defendant in their argument that the State had within its power and reach other and better evidence in its reach and power, and failed to produce these witnesses and this evidence. On this question, I charge you as follows: Where a party, in this instance the State, has evidence in its power and within its reach by which it may repel a claim or charge and omits to produce it and having more certain and satisfactory evidence in its power, and relies on that which is of a weaker or inferior nature, a presumption arises that the charge or claim is well founded, but this presumption may be rebutted." The court declined this request, but charged the jury as follows: "I have been requested to charge upon the presumption arising from the failure to produce

witnesses. Now, gentlemen of the jury, in the first place I charge you that the jury are the sole judges of the credibility of the witnesses, and the amount of weight to be given their testimony, and the failure of the defendant to put any witnesses upon the stand raises no presumption against him of course. When a party has evidence within his power and within his reach by which he may repel a claim or charge against him and omits to produce it, or, having more certain and satisfactory evidence in his power, relies upon that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted. That is the rule of law, and a rule of law which applies to all parties alike." Error is assigned upon the failure to give the charge in the language requested, and also upon the charge as given, the assignment of error upon the latter being that it tended to confuse the minds of the jury and leave them under the impression that the failure of the accused to examine the witness to the homicide which the State had failed to examine raised a presumption against the accused resulting from the fact that he relied solely on his statement and failed to introduce an accessible witness. In another ground of the motion complaint is made that the court charged the provisions of the Penal Code, § 989, in reference to the omission of a party to introduce evidence in his power, which was embraced in the charge above excepted to. As the provisions of this section were embodied literally in the request to charge, the accused can not be heard to complain that the court instructed the jury in reference thereto, even if the law contained in that section was not applicable to the case. For the instruction on the subject was at the instance of the accused; and if it was error to charge upon the subject, the error was brought about by the action of counsel for the accused in calling the attention of the court to the matter. But as the court declined to give the request in the exact language in which it was presented, it is permissible for the accused to complain that the language used by the court was of such a character as to be prejudicial to him, although it related to the subject which was the foundation of the request. The instruction complained of, after eliminating that portion of it relating to the credibility of witnesses, embraces three propositions: First, that no presumption arises against the accused from the failure to produce a witness. Second, that the omission of a party to

produce evidence in his power, or his relying upon weaker evidence when stronger evidence is within his reach, raises a presumption that the charge or claim against him is well founded. Third, that the rule just stated applies to all persons alike. The impression created by this charge as a whole would be that the provisions of the code section quoted therein had no application to the subject of suppressing testimony of witnesses; for the judge in terms said that the failure to produce a witness would never raise a presumption against the accused. This statement is followed immediately by a recital of the provisions of the section relating to the suppression of evidence, and therefore the evidence referred to must be evidence other than the testimony of witnesses. The rule in reference to this class of evidence is further stated by the judge to apply to all persons alike. If the provisions of this section have no application to the testimony of witnesses, then they have no application to the present case, there being nothing to indicate any suppression of testimony of any character, except so far as suppression might result from the failure to call a witness. If the provisions of the section are applicable to a case where an accessible witness is not called, then the charge is contradictory in its terms. In one part it says that the failure to call a witness shall not raise a presumption, and in another part it says in effect that the failure to produce evidence does raise a presumption which applies to all persons alike, which in this case would mean both the State and the accused. While this charge would probably not be calculated to mislead one who was versed in the technical niceties of the law, our juries are not made up of persons of this class. It is to be presumed in all cases that jurors are persons of at least average intelligence, and whether an instruction is calculated to mislead is to be determined with reference to the fact that those who are subject to be misled are persons unlearned in the law. When it is remembered that such a class as this was addressed by the judge, it will be seen that the language used was of such a character as to probably create the impression that the accused, who had a witness who was accessible, within the very building where the case was being tried, under the control of the court, subject to be produced at a moment's notice, was at fault in relying upon his simple statement, when he could by a request to the court have placed upon the stand an eye-witness to the transaction. While we find nothing else in the record which

would authorize or justify a reversal of the judgment, after the most anxious consideration of the case we are compelled to reach the conclusion that the charge complained of was calculated to prejudice the rights of the accused, and a new trial should have been granted on this ground. It is apparent from the record that the entire truth of this transaction has not been developed. Upon another trial both of the witnesses to the homicide can be produced, and so far as it is possible to reach the truth through the aid of human testimony it can be arrived at; and if the accused is guilty of murder, another impartial jury will no doubt convict him; and if he is not guilty of any offense, he will be discharged.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*