*W. H. Barrett* and *E. H. Callaway,* contra.

---

DOBBS *et al. v.* HARDIN, tax-collector, *et al.*

FISH, C. J. 1. The time prescribed by Civil Code, § 1535, within which the ordinary must order an election to be held in a school district on the question of local taxation for educational purposes, is "not earlier than 20 days, nor longer than 60 days, after the petition for such election is received" by him. The time for holding such election is not within any given time from the granting of the order calling the election.

2. When such an election has been held, and the result declared in favor of local taxation, the tax is not illegal because it "was levied by the board of trustees and the county commissioner, instead of by the secretary of the board of trustees and the county school commissioner." Civil Code, § 1537, provides that the district trustees "shall determine the amount necessary to be raised by local tax on all the property of the district," and prescribes a method for ascertaining the value of all the property in the district subject to taxation for county purposes, and that the secretary of the board—who must be a member thereof,— with the aid of the county school commissioner, "shall levy such rate on the property thus found as will raise the total amount to be collected." In levying the rate the secretary and the county school commissioner perform merely the ministerial act of ascertaining, by mathematical calculation, what rate of taxation is required to be levied on the value of the property in the district in order to raise the amount fixed by the trustees. The mere fact that the other members of the board of trustees take part in ascertaining or levying such rate will not render the tax illegal.

3. The petition alleges that an election was held in the Cumming district on the question of local taxation, which resulted in favor of taxation. Therefore it was not error hurtful to the plaintiffs to admit, on a hearing for an interlocutory injunction, an affidavit of the ordinary to the effect that the managers of such election regularly made returns to him, which were filed in his office, and that he wrote a final order declaring the result of the election to be in favor of local taxation for school pur-

poses; especially as the plaintiffs contended that the facts to which the ordinary deposed did not appear from the records in his office.

4. A number of persons, alleging themselves to be citizens and taxpayers of the Cumming school district in Forsyth county, brought an action in behalf of themselves alone, against the tax-collector of such county and the school trustees of the Cumming district, to enjoin the collection of tax executions issued against the plaintiffs respectively, for the proportion claimed to be due by each of them, of a tax levied for educational purposes in the district for the scholastic year of 1910. Plaintiffs alleged that the tax was illegal on the grounds dealt with in the preceding headnotes 1 and 2; and on the further grounds: that the county board of education had never laid off Forsyth county into school districts, as there was territory in the county not included in any school district; that no map of the school districts of the county was ever made and filed with the ordinary; and that the boundary of the Cumming school district was changed by the county board of education within less than two years after it was laid off. Upon the hearing before the judge for an interlocutory injunction there was evidence tending to show the following facts: During November and December, 1905, the board of education of Forsyth county undertook, in accordance with the act of the General Assembly approved August 23, 1905 (Acts 1905, p. 425), to lay off that county into school districts, and in so doing exercised the discretion vested in them under the act as to the area of each district. The boundaries of the districts were, however, not finally fixed, as the board desired that the people of the county should have an opportunity to be heard before final action should be taken in the matter. Public schools were conducted in the several districts so laid off in the year 1906. On January 12, 1907, the board of education again tentatively laid off and defined the lines of the Cumming school district, and on February 9, 1907, after giving the people of the county notice of the board's intention to do so, and after hearing such suggestions as those interested desired to make as to changes in the various districts as previously laid off, the board passed an order finally designating the lines and boundaries of the respective districts in the county, in good faith endeavoring to embrace all the inhabitable territory of the county in some district. The order so defining the boundaries of the various school districts was entered upon the minutes of the board, and a large number of pamphlets containing the description and boundaries of each district were printed by the direction of the board and distributed throughout the county, after supplying all the teachers and trustees of the various districts with copies of the same. No map of the county showing the lines and boundaries of the various school districts was filed with the ordinary. On February 13, 1907, an election was duly held in the Cumming district to decide whether local taxation for educational purposes should be levied in the district, which election resulted in favor of taxation. On November 18, 1908, the county board of education changed the boundaries of the Cumming district by adding thereto territory in which a number of citizens owning taxable property therein resided. The Cumming district as laid off did not contain 16 square miles, but there was no evidence that the board of education abused its discretion in fixing

the area of the district. Only three of the citizens of the territory added to the Cumming district by the change made November 18, 1908, were parties plaintiff, and each of them patronized the school in the Cumming district during the scholastic year of 1910, and each of them paid his school tax for that year, and no execution was proceeding against any of them. It did not appear that any additional burden was placed upon the taxpayers of the district as originally laid off by the change made November 18, 1908, which took into the district more territory, but, from the amount of the territory so taken in, there is a strong inference that they were benefited by the change. A public school has been maintained by local taxation in the Cumming district since the election, for the years 1907, 1908, 1909, and 1910, without effort on the part of any one, so far as the evidence discloses, to interfere with the maintenance of the school until the bringing of plaintiffs' petition. The scholastic year of 1910 commenced on September 5 of that year and continued for 9 months. Contracts were entered into by the trustees with teachers for the term of 1910, relying upon the fund to be derived from the taxes levied for school purposes for that year to meet the obligations under such contracts, as well as to defray the contingent expenses of the school for that term. The plaintiffs knew of the levy of such tax at the time it was levied, or very soon thereafter, as well as the purposes to which the fund to be derived therefrom was to be devoted; yet they delayed filing their petition to enjoin the collection of their respective portions of such tax until January 9, 1911. *Held*, that while the board of education of each county should lay it off into school districts, make a map thereof showing the lines and boundaries as laid off, and file the map with the ordinary, as the statute requires, yet we can not hold that under the facts above stated, and the long delay on the part of the plaintiffs in applying for an injunction to restrain the collection of the tax, the judge was not warranted in denying an interlocutory injunction against the collection of the tax for the year 1910. *Irvin* v. *Gregory*, 86 *Ga.* 605 (13 S. E. 120).

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*
DECEMBER 13, 1911.

Petition for injunction. Before Judge Bell. Forsyth superior court. January 28, 1911.

*J. P. Brooke,* for plaintiffs.

*H. L. Patterson* and *C. L. Harris,* for defendants.