LEE, sheriff, *et al. v.* MOBLEY.

LUMPKIN, J. The evidence introduced on the hearing of an application for an injunction to restrain the collection of an execution issued against the plaintiff, for local taxes for a school district in Clinch county, was sufficient to authorize the presiding judge, for the purpose of the interlocutory hearing, to find that Clinch county had never been lawfully laid off into school districts before the election was held, and that the plaintiff was not estopped by laches from prosecuting her equitable petition to enjoin the collection of the tax execution by levy upon her property. Accordingly there was no abuse of discretion in granting the interlocutory injunction. *Lansdell* v. *King,* 134 *Ga.* 536 (68 S. E. 102) ; *Brown* v. *Hawkins,* 139 *Ga.* 697 (77 S. E. 1123).

(a) There is no merit in the assignment of error upon the allowance of the amendment to the petition.

(b) The case is not controlled by the decisions in *Irvin* v. *Gregory,* 86 *Ga.* 605 (13 S. E. 120), and *Dobbs* v. *Hardin,* 137 *Ga.* 192 (73 S. E. 582). The facts involved in those cases and in that now under consideration are different; and in each of those cases, under the facts presented, the presiding judge denied an injunction, and his judgment ·in so doing was affirmed.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
NOVEMBER 13, 1914.

Injunction. Before Judge Quincey. Clinch superior court. July 22, 1914.

*Franklin & Langdale,* for plaintiffs in error.
*E. K. Wilcox,* contra.

---

LEE, sheriff, *et al. v.* MOBLEY.

EVANS, P. J. This case is controlled by the decision in the case of *Lee* v. *Mobley,* ante.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
NOVEMBER 13, 1914.

---

## CROOK *v.* FOSTER.

1. Where a mother brings an action to recover damages on account of the negligent and tortious homicide of a minor child, the provisions of § 4424 of the Civil Code of 1910, allowing the mother to recover for such homicide, are sufficiently pleaded, as against a general demurrer, where it is alleged that the mother "was partially dependent upon her said minor child for support, and that said minor child contributed to her