### In re GEORGIA STEEL CO.

### GEORGIA IRON & COAL CO. et al. v. TATUM, Sheriff.

(District Court, N. D. Georgia, N. W. D.   May 5, 1915.   On Rehearing, May 27, 1915.)

1. COURTS ☞366—DECISION OF STATE COURTS—CONCLUSIVENESS.

A decision of the Supreme Court of Georgia that the adoption of a resolution by a county board of education that the territory embraced in each militia district in the county shall constitute a separate school district is not alone sufficient to create school districts, and the collection of a tax levied in pursuance of an election within an alleged district will be enjoined on application, is conclusive on the United States District Court sitting in Georgia; and it, in the absence of laches, will enjoin the collection of a school tax, where the school commissioners simply declared the militia districts to be school districts and a map, not made until later simply carried out the action of the school commissioners.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. ☞366.]

2. SCHOOLS AND SCHOOL DISTRICTS ☞107—TAXES—LACHES.

Laches of a trustee in bankruptcy as to school taxes not enforceable cannot estop the bankrupt resuming possession of the property and proposing to pay all legal taxes.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 253–256; Dec. Dig. ☞107.]

In Bankruptcy.   In the matter of the Georgia Steel Company, bankrupt.   Injunction restraining collection of school taxes issued.

Anderson & Rountree, of Atlanta, Ga., for complainant.
Martin G. Smith, of Trenton, Ga., and Maddox, McCamy & Shumate, of Dalton, Ga., for defendant.

NEWMAN, District Judge.   [1] I think the case of Brown v. Hawkins, 139 Ga. 697, 77 S. E. 1123, is absolutely controlling in this case. The second headnote in that case says this:

"The adoption of a resolution by a county board of education that the territory embraced in each militia district in the county shall constitute a separate school district is not, without more, a substantial compliance with the positive requirements of the statute in relation to the laying off and marking out of the county into school districts by the county board of education; and a school district sought to be established merely by such a resolution is not a lawful district, and an election within such territory for the determination of the question of imposing a local tax therein for the support of public schools is illegal. The collection of a tax levied in pursuance of the election should be enjoined upon due and proper application by citizens and taxpayers of the territory."

In the present case the evidence shows that the school commissioners simply declared the militia districts to be school districts, and nothing

further, and it seems from the evidence that no map was made until 1914, and that was simply carrying out the action of the school commissioners, as I understand it.

[2] Clearly these taxes cannot be collected under the decisions of the Supreme Court of the state, which must be controlling here, unless there has been such laches on the part of the trustee in bankruptcy, or the Georgia Steel Company, as to bring the case within the decision in Dobbs v. Hardin, 137 Ga. 191, 73 S. E. 582. There was no such laches here as would justify applying that decision in this case. What laches there was was that of the trustee in bankruptcy, and I do not think the Georgia Steel Company, which has resumed possession of the property and proposes now to pay all legal taxes, should be estopped by his action. The trustee in bankruptcy had on his hands a lot of unproductive property and no money. He had to borrow money to pay the taxes for former years, and altogether it does not make such a case as was shown in Dobbs v. Hardin, supra.

I think the injunction should remain in force as to the school tax, but the other taxes should be paid at once, if they have not already been paid. The court dislikes to prevent a county from collecting its taxes, but the case is controlled by the decision of the Supreme Court of the state as to the taxes claimed to be due it for school purposes.

## On Rehearing.

This case was decided by me on May 5, 1915; but, counsel stating that they desired to file other briefs and the brief of counsel associated with them, I agreed to hold up the opinion filed by me on the date named until I could hear them further. Their briefs, and also reply brief of counsel representing the Georgia Steel Company, are now in, and I have considered the question again.

A re-examination of the matter satisfies me thoroughly that the decision heretofore made by me in this case is correct. Since that decision was rendered the Supreme Court of the state, on May 12, 1915, made a decision in the case of Grier et al. v. Loyless, Tax Collector, 85 S. E. 323 (not yet officially reported). I have, however, a copy of the opinion by Judge Beck, and it simply reiterates the doctrine laid down in former cases by that court. The question presented was somewhat different from that here, but it finds as a fact that it is necessary that the county should be laid off into school districts. I am still clear, therefore, that under the evidence in this case the case on trial is controlled absolutely by the case of Brown v. Hawkins, 139 Ga. 697, 77 S. E. 1123, and that the injunction must issue restraining the collection of this tax.

I regret very much to interfere with the collection of taxes, but I am compelled, in a case like this, to follow the decisions of the Supreme Court of the state, and I think they are all such that, under the facts in the present case, the tax cannot be collected. The injunction will issue as prayed.