HUGHES et al. v. CURETON, tax-collector, et al.

ATKINSON, J. 1. In a bill of exceptions to the refusal of an interlocutory injunction against the levy of a local school tax, error was assigned upon the admission of parol evidence of the contents of a certain map of the school districts of the county, and that the witness had posted the map in the ordinary's office, over objections, (a) that there was no preliminary proof of a notice to produce the map; (b) that the original map would be the highest and best evidence of its contents; (c) that

there was no proof of authority from the county board of education to file the map. In connection with the statement of the objections to the evidence, the bill of exceptions recited, in parenthesis, "other witnesses having testified to the loss of said map." It was nowhere stated in any of the evidence set out in the bill of exceptions that the map had been lost. It was argued in the brief of counsel for plaintiffs in error that there was no such evidence, and that the statement as above quoted from the bill of exceptions was included therein by "oversight" and should be disregarded. *Held:* (*a*) Under the circumstances the recital quoted from the bill of exceptions will be accepted as true, and the question of admissibility of the parol evidence will be decided on the basis of the loss of the map. (*b*) In view of the recital above mentioned from the bill of exceptions, and evidence tending to show that the map was posted by authority of the board of education, there was no error in admitting the evidence objected to upon any ground urged against it.

2. There was no abuse of discretion in refusing the interlocutory injunction. *Mabry* v. *Fuller*, 133 *Ga.* 831 (67 S. E. 91)·; *Lee* v. *Mobley*, 142 *Ga.* 715 (83 S. E. 657).

*Judgment affirmed. All the Justices concur.*

No. 212.   August 18, 1917.

Petition for injunction. Before Judge Tarver. Dade superior court. January 20, 1917.

*Rosser & Shaw* and *W. U. Jacoway,* for plaintiffs.

*Payne & Hale* and *Martin G. Smith,* for defendants.