JONES *v.* WATERS.

PER CURIAM.   The plaintiff brought suit against the defendant to recover
15½ acres of land.   The parties are coterminous landowners, and had
previously agreed in writing upon the dividing line.   After evidence
was submitted the jury returned a verdict in favor of the plaintiff.
The defendant made a motion for new trial on the statutory grounds,
and amended the same by alleging newly discovered evidence: (*a*) that
one of the jurors trying the case was related to the plaintiff within the
prohibited degree, to wit, the wife of the juror was a fourth cousin to
the husband of the plaintiff; (*b*) that prior to the bringing of this suit
plaintiff had been suing defendant for rent of the premises in dispute
and for injunction relative to the possession of the property, and that
during the pendency of the latter suit, defendant made valuable and
permanent improvements on the premises, and that the verdict of the jury establishes a line that
"takes in" the improvements; that defendant "never knew that plaintiff
contended for a line dividing the land in question that would take in
the improvements until after the trial of the case; and that he never
advised his counsel that he had placed any improvements on the land
in question."   The evidence shows that after the execution of the written
agreement fixing the line the defendant was present when a surveyor
laid out the line as agreed upon.   *Held:*
1. Marriage relates the husband to the wife's kindred, but does not relate
   any of his kindred to hers.   Consequently a man whose wife is related
   to the husband of one of the parties was not, for that reason, incom-
   petent as a juror to try the case.   *Wilburn* v. *State,* 141 *Ga.* 510 (2)
   (81 S. E. 444).
2. Under the pleadings and the evidence it appears that the exercise of
   reasonable diligence before the trial of the case would have acquainted
   the defendant with the facts alleged to have been newly discovered.
3. The evidence was sufficient to authorize the verdict.

*Judgment affirmed.   All the Justices concur.*

No. 592.   AUGUST 13, 1918.

Complaint for land. Before Judge Hardeman. Bulloch superior court. July 24, 1917.

*Anderson & Jones,* for plaintiff in error.

*Brannen & Booth,* contra.