## LEE *et al. v.* JONES.

1. Jurors were not disqualified merely because their wives were blood relatives of the plaintiff's husband.
2. This court will not interfere with the finding of the trial judge, adverse to the contention of the movant, upon the issue of fact raised by conflicting affidavits as to the existence of relationship of jurors by consanguinity within the prohibited degree.
3. An exception to admission of evidence, not stating the ground of objection and showing that this ground was stated to the judge when the evidence was offered, presents no question for decision.
4. Where a demurrer invoked a ruling on the sufficiency of an allegation as showing cause for setting aside a deed, and a judgment overruling the demurrer was not excepted to, an instruction to the jury on the issue presented by this allegation was not error for which a new trial should result.
5. The evidence authorized the verdict.

No. 4814. FEBRUARY 15, 1926.

Complaint for land. Before Judge Hardeman. Candler superior court. February 13, 1925.

*Kirkland & Kirkland* and *Deal & Renfroe,* for plaintiffs in error.

*C. W. Turner* and *Travis & Travis,* contra.

ATKINSON, J. In the petition as amended a widow by next friend sought to cancel a deed purporting to convey described land that had been set apart to her as a statutory year's support out of the estate of her deceased husband, and certain deeds to remote grantees, and to recover possession of the land. The grounds of attack upon the deed were, want of mental capacity by the widow to make the first-mentioned deed, absence of necessity to sell the land for a support, and absence of consideration, and knowledge of all such facts upon the part of the immediate and remote grantees at the time of taking the respective deeds.

---

Appeal and Error 3 C. J. p. 978, n. 36: 4 C. J. p. 846, n. 95.
Courts 15 C. J. p. 963, n. 46.
Juries 35 C. J. p. 319, n. 10.

A demurrer to the petition was overruled, to which ruling there was no exception. A verdict was returned for the plaintiff. The defendants' motion for a new trial was overruled, and they excepted.

1. "Marriage relates the husband to the wife's kindred, but does not relate any of his kindred to hers. Consequently a man whose wife is related to the husband of one of the parties was not, for that reason, incompetent as a juror to try the case. *Wilburn* v. *State,* 141 *Ga.* 510 (2) (81 S. E. 444)." *Jones* v. *Waters,* 148 *Ga.* 284 (96 S. E. 386) ; *Central Railroad &c. Co.* v. *Roberts,* 91 *Ga.* 513 (18 S. E. 315). Applying the above principle the jurors referred to in the fourth, fifth, and sixth grounds of the motion for new trial, whose wives were blood relatives of the plaintiff's husband, were not disqualified.

2. Where the motion for new trial complained that members of the jury which returned the verdict were related by consanguinity, within the prohibited degree, one to the opposite party, and another to the wife of one of counsel representing that party, which facts had been discovered since the trial, and upon the hearing of the motion affidavits were introduced to support these grounds, and the opposite party introduced affidavits to the effect that no such relationship existed, this court will not interfere with a finding by the trial judge, upon the issue of fact made, adverse to the contention of the movant. *Buchanan* v. *State,* 118 *Ga.* 751 (9) (45 S. E. 607) ; *Wall* v. *State,* 126 *Ga.* 549 (4) (55 S. E. 484). Applying this rule, there is no merit in the grounds of the motion for new trial, based on alleged disqualification of a juror.

3. The ground of the motion which complains of the admission of evidence over the objection of the attorney for the movant, but fails to state the ground of objection and that such ground was stated to the judge at the time the evidence was admitted, is too incomplete to present any question for decision. *Perdue* v. *Young,* 154 *Ga.* 220 (113 S. E. 801). Applying this rule, there was no merit in the ninth ground of the motion for new trial, complaining of a ruling on the admissibility of evidence.

4. The sixteenth paragraph of the petition alleged, as one of the grounds for setting aside the deed: "That it was not necessary to sell said lands or any part of the same for the support, maintenance, and benefit of the said Mrs. Sallie J. Jones and her

two minor children who are plaintiffs in this petition; that . . the rents, issues, and profits from said lands was sufficient for the support and maintenance of said widow and minor children." The defendants filed a general demurrer on the ground that the petition did not allege a cause of action, that there was no equity in it, and that it showed on its face that the widow had sold the land in dispute to the grantee named in the deed, and that such grantee had sold the land to the defendant. The demurrer was overruled, and there was no exception to this ruling. The judge charged the jury: "If you find that she could make a good deed, so far as her mental capacity is concerned on the question of sanity or insanity, then go further and look to this issue: If she conveyed this property to Dr. Woods not for the support and benefit of herself and minor children, if she sold it when there was no necessity to sell it for that purpose, and if she did not sell it for that purpose, then the deed to Dr. Woods would be void, because the law, while it would authorize a widow to sell property set apart as a year's support, she could not sell except for the benefit of herself and her minor children, and for the purpose of their maintenance and support, at a time when it was necessary to sell; so if she sold it to Dr. Woods when it wasn't necessary to sell it, not for the benefit of herself and her minor children, and not for the purpose of maintaining, supporting, and caring for herself and her minor children, then Dr. Woods got no title, and if Henry Lee took with notice of that fact then he would get no title." The charge was alleged to be erroneous, because: "The court instructed the jury that a widow could not sell her interest in a year's support, unless the jury should find it necessary for her to sell it in order to support herself." The demurrer invoked a ruling on the sufficiency of the allegation quoted above from the petition as ground for setting aside the deed, and the judgment overruling the demurrer unexcepted to and unreversed became the law of the case. ·Kelly v. Strouse, 116 Ga. 872, 891 (43 S. E. 280); Georgia Northern Railway Co. v. Hutchins, 119 Ga. 504 (46 S. E. 659); Hawkins v. Studdard, 132 Ga. 265 (2) (63 S. E. 852, 131 Am. St. R. 190). In these circumstances the above-quoted charge of the court was not erroneous for the reason assigned. A different question would be presented if the charge had been given without any ruling on the demurrer. Reese v.

*Reese,* 146 *Ga.* 684 (92 S. E. 218) ; *Jones* v. *Wilkes,* 146 *Ga.* 803 (92 S. E. 517).

5.   The evidence was sufficient to authorize the verdict, and there was no error in refusing a new trial.

*Judgment affirmed.   All the Justices concur.*