GRIFFIN *v.* BEASLEY, tax-collector, *et al.*

No. 7024. JANUARY 15, 1930.

*C. L. Cowart,* for plaintiff. *H. H. Elders,* for defendants.

PER CURIAM. An execution for school taxes assessed by Unity School District for 1927 was issued by Beasley, tax-collector, against Hendley Griffin, and was levied on a mule. On November 24, 1928, Griffin filed a petition alleging that the tax fi. fa. was illegal, and praying to enjoin the sale of the property levied on, that the fi. fa. be declared null and void, and the levy be dismissed; and for general relief. The invalidity of the tax execution and the proposed sale as alleged in the petition is based on the following grounds: (1) The entire territory of Tattnall County is not included within the limits of any school district, and therefore the county is not laid off into school districts as required by law. (2) No map of the county, showing the school districts of the county, is of file in the office of the ordinary, as required by law. (3) The proposed sale of the property levied on was not advertised in three places in the district, but was advertised at only one place; and such sale would be illegal. On interlocutory hearing the court refused to grant an injunction. The testimony was that on February 1, 1927, the board of education had by resolution cut off from the southern portion of Unity School District an area of approximately ten square miles; that this area had not been attached to any school district; that children of school age are living therein, and no provision has been made for a school for them; that there is not of file in the office of the ordinary, and has not been since January 1, 1925, any map showing the school districts

of the county. But it was admitted that the county was laid off in districts in 1908; that a map was made in 1909, showing these districts; that a copy of the map was, at the time of the hearing, of file in the office of the county school superintendent and in the office of the county commissioners; that in the Unity School District, after the area mentioned had been omitted, a local tax election was held, resulting favorably to the tax, and that a school in the district as rearranged had been conducted continuously since.

■ Under the evidence there was, at the time of the filing of the suit, no substantial compliance with the law providing for dividing the county into school districts.

■ Under the ruling in *Dobbs* v. *Hardin*, 137 *Ga*. 191 (4) (73 S. E. 582), the trial judge was warranted in refusing an injunction, because of long delay on the part of plaintiff in applying therefor.

■ The time having passed for the sale of the property as per advertisement, the question as to the legality of advertisement is now moot.

*Judgment affirmed. All the Justices concur.*