## CORBIN *v.* DAVIS.

No. 7779. December 20, 1930.

*O. A. Nix* and *Roy M. Nix,* for plaintiff in error.
*John I. Kelley* and *M. D. Irwin,* contra.

HILL, J. Mrs. J. V. Davis brought suit against J. S. Corbin on a promissory note given to the plaintiff for $2400, principal, besides interest, and prayed judgment together with a special lien on described real estate which was conveyed by Corbin to secure the payment of the note. J. S. Corbin filed an answer and cross-petition in which he averred, that, since the execution of the note sued on and the deed executed to the plaintiff, the latter had become indebted to the defendant upon a promissory note for $1000, which the defendant had obtained from B. F. Corbin, and the value of a certain house and lot which the plaintiff had contracted to convey to B. F. Corbin, and which the latter had transferred and assigned

to the defendant for value; that on February 6, 1924, Mrs. J. V. Davis executed and delivered to B. F. Corbin the note for $1000 due December 1, 1924, with interest at the rate of 8 per cent. per annum from its date; that the plaintiff had sold to B. F. Corbin a certain described house and lot in the town of Norcross; that the note and writing show that the promise to pay the $1000 and to convey the house and lot to B. F. Corbin was in one instrument, and a copy thereof was attached to the answer and cross-petition; that at the time of the execution of the $1000 note and the sale of the house and lot by Mrs. Davis, B. F. Corbin owned a certain farm near the city of Buford, upon which he resided and upon which there was a loan; that Mrs. Davis was residing at Norcross in the house and on the lot aforementioned; that B. F. Corbin and Mrs. Davis entered into "a trade" by which Corbin sold to Mrs. Davis his farm near Buford, and she was to assume the loan on the farm, make a deed to the house and lot in Norcross, and give B. F. Corbin $1000, which transaction was to be closed later by the parties making deeds to the property; that in pursuance of said trade and agreement Mrs. Davis executed and delivered to B. F. Corbin the note for $100 and a memorandum or agreement to convey to him the house and lot in Norcross; that thereupon Corbin vacated his farm, and surrendered possession to Mrs. Davis, and she removed from Norcross to the farm near Buford, continued to reside thereon, and remained in possession of the premises ever since; that after entering into possession of the farm near Buford, and having already a warranty deed for the same from Corbin, which was given to her previously to secure a loan, she repudiated the trade, refused to pay the $1000 note, or make a deed to the house and lot in Norcross after J. S. Corbin became the purchaser thereof from B. F. Corbin. J. S. Corbin further averred that he was then the holder and owner of the $1000 note and the owner of the house and lot in Norcross which Mrs. Davis had agreed to convey to B. F. Corbin, having acquired the same from B. F. Corbin; and that the house and lot in Norcross was reasonably worth $1000, and $10 per month as rent. He prayed that the amount due on the $1000 note and the value of the house and lot with the rent thereon be set off against the note sued on by the plaintiff, or, in the event that the value of the house and lot could not be set off against the note sued on, that the $1000 note with

interest be set off, together with the rental due on the house and lot; and that a decree be rendered requiring Mrs. J. V. Davis to execute title to J. S. Corbin to the house and lot upon the payment by him of the difference, which he was ready and willing to do.

Mrs. Davis filed an amendment in the nature of an answer to the cross-petition, in which she denied the allegations contained therein, and in effect alleged that she moved to the farm of B. F. Corbin near Buford and took charge of and would sell the same for him "when times became better," and that if it brought more than enough to pay what B. F. Corbin owed her, he was to receive the same; that she had not sold B. F. Corbin her house and lot in Norcross, and did not owe the $1000 note as averred in the cross-petition and answer. Upon the trial the jury returned a verdict in favor of the plaintiff for the full amount of the note sued on; and the relief prayed for by the defendant was denied. A motion for new trial was overruled, and the defendant excepted.

The court charged the jury, in part, as follows: "Now if you believe that at the time Mrs. Davis agreed to accept the two tracts of land at Buford in settlement of all that he owed her, and that it was a bona fide trade and purchase, and that she took two tracts of land near Buford for what Fletch Corbin owed her, and that she would also give him a thousand dollars extra to that and her house and lot in Norcross, and that was also to go as part payment of those two tracts of land,—if you believe that to be the facts in the case, then you should find in favor of the defendant's set-off. And that is a question of fact for you to determine. On the other hand, if you believe that Mrs. Davis took the deeds to the two tracts of land near Buford simply as a security for what Fletch Corbin owed her, and if you believe further it was just to secure her and that when the thousand-dollar transaction was entered into with reference to the house and lot that the purpose of that was between them that if the property she had deeds to would pay off the liens against it and pay off all of her indebtedness and that was to be paid out of any excess that might arise from the sale of that property, and if you believe that was to be paid and that no deed to the Norcross house and lot was to be made unless the two tracts of land near Buford paid off all of his debts and all liens on it, and there was as much as the value of the house and lot and a thousand dollars in excess of what the property brought,

—if you believe that to be the facts in the case and you so find, then you would not be authorized to find in favor of the set-off. Of course if you find it was a fair bona fide trade, that she took those two tracts of land in settlement of all those debts that he owed her, then, as I say, it would be your duty to find in favor of Mr. Corbin and the set-off. Then the defendant would have a right to set off the amount of the thousand-dollar note against that."

Complaint is made of the following language: "and that it was a bona fide trade and purchase." The error alleged in this part of the charge is that there was no evidence to show that it was not a bona fide trade and purchase; that there was no claim on the part of Mrs. Davis that there was any fraud practiced on her or any deceit or misrepresentation in causing her to make the trade and give the $1000 note and the memorandum of purchase and sale of her house and lot in Norcross, and therefore, there being no issue of this sort, the charge as given imposed upon the defendant a greater burden than the law imposed and a burden that was not in the case, to wit, that of showing that the trade between the defendant and the plaintiff was bona fide, etc. This exception to the charge is without merit. There was evidence which tended to show that the $1000 note, or due-bill, and the memorandum with regard to the house and lot, were not given or intended as bona fide evidence of debt, but were intended as a protection to the family of B. F. Corbin as to his supposed equity in the two farms in the event of his death. One of the issues was as to whether the due-bill and writing was a bona fide binding transaction between the parties, which they mutually understood were to be enforceable; and therefore the court properly charged the jury as to the bona fides of these instruments. Neither is the other portion of the charge, beginning with the words, "On the other hand, if you believe that Mrs. Davis took the deeds to the two tracts of land near Buford simply as security for what Fletch Corbin [B. F.] owed her, and if you believe further it was just to secure her and that when the thousand-dollar transaction was entered into with reference to the house and lot that the purpose of that was between them that if the property she had deeds to would pay off the liens against it and pay off all of her indebtedness and that was to be paid out of any excess that might arise from the sale of that property," etc., error for the reason, as alleged, that it permitted the

plaintiff to have relief from a solemn written contract in which she had promised to pay $1000 and to make a deed to a house and lot, without any pleadings or prayer asking for such relief, etc. Nor was the charge error for any other reason assigned.

■ The court charged the jury that "If, under the facts of the case and the law, you find in favor of the contentions of Mrs. Davis, then you render a verdict in favor of Mrs. Davis for the principal, interest, and 10 per cent. attorney's fees, for in the plea of the defendant he admits he owes that." There is no merit in the exception to this charge. Under a proper construction, the charge meant that if the jury believed the contention of Mrs. Davis that B. F. Corbin was not to collect the due-bill or to have the house and lot in Norcross except upon the happening of a contingency that did not happen, then and in that event the defendant would not be entitled to have a set-off, and that the plaintiff would be entitled to a verdict for the principal, interest, and attorney's fees on the note sued on; for the defendant, except for his plea of set-off, admitted owing the note.

■ Ground 8 of the motion for new trial is as follows: "Because, after the jury trying the case had been out for a long time considering the case, and after counsel for the defendant had left the court-room late in the afternoon, the jury came into the court-room, and the following occurred: By the court: 'Gentlemen, the officer informs me that you all want me to give you some instructions. If it is about a matter of law, I can inform you; but if it is about facts, I can not express an opinion.' By the foreman: 'It is a matter of law; we want to know, if we find for the plaintiff for the amount Mr. J. S. Corbin says he owes, would he have recourse against his brother on that note.' By the court: 'His brother is indorser on that note, and he can bring suit on that note against him.'" It is insisted that the last statement by the court was hurtful and prejudicial to the defendant, for the reason that it permitted the jury to return a verdict against the defendant, and against his plea of set-off against the plaintiff, on the theory that he could make his money back by bringing suit against his brother from whom he obtained the note and memorandum of sale; and that said charge was immaterial and irrelevant, etc. We are of the opinion that the charge as given was irrelevant and immaterial, but that the jury could not have been misled by it, and therefore

that it will not require a reversal. It has been held that a charge touching wholly irrelevant matter under the pleadings, even if erroneous, is not cause for a new trial when it appears that the jury could not thereby have been misled to the injury of the complainant. *Long* v. *State,* 126 *Ga.* 109 (54 S. E. 906).

■ Ground 9 complains that since the trial of the case and the rendition of the verdict the defendant has discovered that W. P. Ivey, one of the jurors who tried the case and made the verdict, was not a competent juror and was disqualified as such, for the reason that "he is, and was at the time, related to the plaintiff within the degree prohibited by law, to wit, that said juror was and is a nephew by marriage of the plaintiff and her husband, Wesley Davis; that said relationship came about as follows: that the said W. P. Ivey married the daughter of Dave Davis, said Dave Davis and Wesley Davis, husband of plaintiff, are brothers; that the wife of said juror Ivey was in life at the time of said trial, and still is; and she and her husband W. P. Ivey, the juror aforesaid, were living together as husband and wife at the time of said trial." Under repeated rulings of this court in similar circumstances, Ivey was not disqualified from sitting as a juror and participating as such in this case. "Marriage relates the husband to the wife's kindred, but does not relate any of his kindred to hers. Consequently, a man whose wife is related to the husband of one of the parties was not, for that reason, incompetent as a juror to try the case." *Lee* v. *Jones,* 161 *Ga.* 830 (132 S. E. 79); *Wilburn* v. *State,* 141 *Ga.* 510 (2) (81 S. E. 444); *Jones* v. *Waters,* 148 *Ga.* 284 (96 S. E. 386); *Central R. &c. Co.* v. *Roberts,* 91 *Ga.* 513 (18 S. E. 315); *City of Dalton* v. *Humphries,* 139 *Ga.* 556 (6) (77 S. E. 790).

■ The evidence authorized the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except* ATKINSON, J., who dissents from the third division of the decision.