GRIFFIN *v.* BEASLEY, tax-collector, *et al.*

ATKINSON, J. 1. When the case was formerly before this court (*Griffin* v. *Beasley*, 169 *Ga.* 709, 151 S. E. 481), it was held: "Under the ruling in *Dobbs* v. *Hardin*, 137 *Ga.* 191(4) (73 S. E. 582), the trial judge was warranted in refusing an injunction, because of long delay on the part of plaintiff in applying therefor."

2. After the decision by the Supreme Court, and before the judgment of the Supreme Court was made the judgment of the trial court, the petitioner amended the petition by alleging, as additional ground of attack upon the lawfulness of the tax which he was seeking to enjoin, that the petition to the ordinary to call the election to determine whether the tax should be levied, and the order calling the election, failed to state the amount of the proposed tax; and also that petitioner was not estopped from making such attack on account of delay, because the tax fi. fa. in question was based on the first tax levy of a local school tax made in virtue of the election held March 18, 1927, and is the first tax fi. fa. issued against petitioner, and the levy thereof is the first levy of the said tax fi. fa. upon the property of the petitioner; and that the petition was filed at the first time the petitioner had an opportunity to contest the validity of the tax. A motion was made to dismiss the amendment, on the ground of laches in not attacking the election when it was held or when the case was before the court the first time, and because plaintiff "sat silent and allowed the local board to employ teachers, contract debts, receive services from the teachers," before making complaint. The motion was overruled, and the amendment was finally allowed. No exception was taken to the judgment. *Held:*

(*a*) The judgment unexcepted to became the law of the case (*Kelly* v. *Strouse*, 116 *Ga.* 872, 892, 43 S. E. 280; *Sims* v. *Georgia Railway & Electric Co.*, 123 *Ga.* 643, 51 S. E. 573; *Hawkins* v. *Studdard*, 132 *Ga.* 265(2), 63 S. E. 852, 131 Am. St. R. 190; *Turner* v. *Willingham*, 148 *Ga.* 274, 96 S. E. 565), and was conclusive, first, that the amendment set out sufficient ground of attack upon validity of the tax; second, that the plaintiff was not estopped from making that ground of attack.

(*b*) The uncontradicted evidence sustained the allegations of the petition as amended, and the court erred in directing the verdict for the defendants.      *Judgment reversed. All the Justices concur.*

No. 8224. SEPTEMBER 17, 1931.

454

*C. L. Cowart,* for plaintiff. *H. H. Elders,* for defendants.