GEORGIA BAPTIST ORPHANS HOME INC. *et al. v.* WEAVER.

No. 13998.   FEBRUARY 10, 1942.   REHEARING DENIED MARCH 18, 1942.

*Lokey & Bowden,* for plaintiffs.   *C. G. Battle,* for defendant.

GRICE, Justice.   This court affirmed the judgment sustaining the general demurrers of three of the four defendants, and dismissing the action as to them.   *Georgia Baptist Orphans Home Inc.* v. *Moon,* supra.   Weaver was not one of the demurrants.   The original petition contained many allegations made for the purpose of showing fraud and conspiracy participated in by Weaver, and the prayers included one that Weaver be removed as coexecutor of the estate of Mrs. Brownlee, and one for general relief.   It did not pray for an accounting concerning the estate of Mrs. Brownlee in his hands, or for damages on account of his alleged conspiracy, and of mismanagement of the estate committed to his trust.   Whether or not the rulings on the demurrers that were presented and passed upon inured to the benefit of the other defendant, Weaver, who had interposed no demurrer, need not here be decided, since, regardless of such question, the ruling under review must for other reasons be affirmed.   As to that matter, however, see *Tillman* v. *Davis,* 147 *Ga.* 206 (93 S. E. 201); *McKinney* v. *Powell,* 149 *Ga.* 422, 430 (100 S. E. 375); *Witherow* v. *Board of Drainage Commissioners,* 155 *Ga.* 476 (117 S. E. 329).

■   When the case again reached the trial court the complainants offered an amendment which the judge allowed and ordered filed subject to objection.   This amendment prayed, for an accounting by Weaver for his acts and doings concerning the estate; that he be required to respond in damages in a stated sum for the injury done to the estate of Mrs. Brownlee, and to the life interests and remainder interests of complainants, and for punitive damages in a named amount.   On October 10, 1941, objections to this amendment were filed, a demurrer thereto presented, and a prayer that the amendment be disallowed, "and, in the event the amendment is allowed, that the grounds of demurrer herein urged be sustained and the entire cause dismissed."   The judge entered an order in which it was recited that the amendment had been allowed subject to objection; that objections were filed thereto, and concluded with the language "Wherefore the motion and demurrer of the defendant, filed October 10, 1941, are sustained and the case is dismissed as to J. W. Weaver, coexecutor."   The judge here

made two rulings. He sustained the motion to disallow the amendment, and he dismissed the action. The sole exception is contained in the following language taken from the bill of exceptions: "Plaintiffs contend that said case has terminated illegally, and to the ruling of the court sustaining the demurrer of J. W. Weaver, defendant, the plaintiffs then and there excepted, and now except and assign the same as error upon the ground that it is contrary to law and contrary to the principles of justice and equity." Error is not assigned on the ruling sustaining the motion to disallow the amendment. The ruling became the law of the case. *Hollis* v. *Nelms,* 115 *Ga.* 5 (41 S. E. 263); *Lawrence* v. *Boswell,* 155 *Ga.* 690 (118 S. E. 45); *Lee* v. *Jones,* 161 *Ga.* 829 (132 S. E. 79); *Griffin* v. *Beasley,* 173 *Ga.* 452 (160 S. E. 500); *McCollum* v. *Loveless,* 185 *Ga.* 748 (196 S. E. 430); *Palmer* v. *Jackson,* 188 *Ga.* 336 (4 S. E. 2d, 28). Thus plaintiffs are bound by the ruling that they are not entitled to have the petition remain in court in order that an accounting be rendered; for the prayer therefor is contained only in the proffered amendment. Nor may it be retained that damages be awarded to the plaintiffs; for this specific relief was likewise asked for in the amendment. Even though a petition may contain allegations appropriate to certain specific relief which the court could grant under the prayer for general relief, yet where complainant, by offering an amendment directly praying for such specific relief, thereby invokes from the court a decision as to whether his petition entitles him to the particular relief, and on objection to the allowance of such amendment the court disallows it, no exception being taken thereto, such ruling becomes the law of the case, and thereafter prevents the party from claiming the same thing under his prayer for general relief in the original petition.

■ Looking alone to the petition and to the earlier amendments which were before this court in the other case, what relief that a court of equity should grant is there prayed against Weaver? Having on the first appearance of the case held that the complainants were not entitled to have the sale enjoined, the prayer that the defendants, including Weaver, be enjoined from altering in any way the status quo of the property about to be sold, or from molesting one of the complainants in her peaceful enjoyment thereof, will not be heard. The prayer that the defendants, all of

them, be enjoined from disposing of any of the proceeds of the $1250 loan received from the American Savings Bank they or any of them may now have in their possession, can not save the petition as against Weaver, because it is not alleged that he intends to dispose of any portion of these proceeds, or even that he has or will receive the same, or that if he does as executor so receive any of this money he will not properly apply it to the debts of the testator which the petition discloses are in existence. Stripped therefrom of everything else, was it erroneous to dismiss the action in view of the prayer in the petition that Weaver as coexecutor be removed? The Code, § 113-1216, authorizes the ordinary on his own motion, or upon the representation of any person in interest, that an executor is mismanaging the estate, to require such executor to show cause why he should not give bond and security for the faithful execution of his trust; and upon his failure to give bond when and as required, the ordinary may revoke his letters and appoint another representative for the estate. Among the subject-matters as to which the Code declares that the court of ordinary has authority to exercise original, exclusive, and general jurisdiction is the revocation of letters testamentary. Code, § 24-1901 (2). A well-known principle of equity jurisdiction is codified as follows (§ 37-120): "Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law; but a mere privilege to a party to sue at law, or the existence of a common law remedy not as complete or effectual as the equitable relief, shall not deprive equity of jurisdiction."

Whether or not since the adoption of our first Code a court of equity could in any case remove an executor was the inquiry propounded by Chief Justice Bleckley in *Powell* v. *Hammond,* 81 *Ga.* 567 (8 S. E. 426), and on that subject he said: "It deserves inquiry whether, since the Code, § 331 (2), declares that 'courts of ordinary have authority to exercise original, exclusive, and general jurisdiction of . . the granting of letters testamentary, of administration, and the repeal or revocation of the same,' and inasmuch as the old statute (Cobb's Dig. 307), which gave the superior court, or the judge thereof, power to require security from an executor, has not been brought forward in the Code, the court of ordinary alone has not [now?] the jurisdiction to exact bonds of executors for the faithful execution of their trust, and to remove

them from office, that is, revoke their letters. Compare *Johns* vs. *Johns,* 23 *Ga.* 31; *Harrup* vs. *Winslet,* 37 *Ga.* 655; *Smith* vs. *Byers,* 41 *Ga.* 447-8; *Dean* vs. *Cotton Press,* 64 *Ga.* 674; Code, §§ 2447, 2448, 2511. There seems much propriety in leaving the power of removal, and of requiring bond, with the court whose officer the executor is. This would not abridge in any way the jurisdiction or efficiency of courts of equity in dealing with assets; for as receivers can be appointed and the assets secured through their agency, these courts need not concern themselves with removing executors or seeing that they give security." The question was not involved in *Calbeck* v. *Herrington,* 169 *Ga.* 869 (152 S. E. 53), or in *Benton* v. *Turk,* 188 *Ga.* 710, 733 (4 S. E. 2d, 580), in each of which cases reference was made to the query left unanswered in *Powell* v. *Hammond,* supra.

It would broaden the ruling beyond the facts of the actual case before us to hold that in no case can a court of equity remove an executor. What is now ruled is, that in so far as the petition seeks to remove an executor no reason is shown why the remedy provided in the Code § 113-1216, supra, is not as complete and effectual as equitable relief, even if it be assumed that it was within the power of a court of equity to remove an executor. It follows that the prayer with respect to that did not entitle the complainant to any relief in equity. It was not erroneous to dismiss the action on general demurrer. *Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

REID, Chief Justice, dissenting. On consideration of the motion for rehearing I have withdrawn by concurrence in the opinion and judgment, in so far as it holds that there was no proper exception to the ruling disallowing plaintiff's amendment.

The plaintiff had filed an amendment which had been allowed "subject to objection." The defendant then filed one pleading referred to as "motion and demurrer," in which he demurred "to said petition and any and all its amendments," for reasons stated. In this pleading he alleged "that the amendment attempted does not set forth any grounds or facts which are germane to the issues attempted in the main case," and further made the point that it would set up a new and distinct cause of action. It was further pointed out that the petition, either with or without the amendment, stated no cause of action, and further that "This defendant

demurs specially to said amendment," for certain stated reasons. The prayer was that the amendment be disallowed, and, in the event allowed, that all grounds of demurrer be sustained and the petition dismissed. Upon consideration of this pleading the judge entered an order sustaining "the motion and demurrer of the defendant, filed Oct. 10, 1941."

The bill of exceptions recites that "said order sustaining the motion and demurrer of defendant J. W. Weaver, and dismissing the petition of the plaintiffs as amended, constituted a final disposition of the case, adverse to the contentions of the plaintiffs;" following this is the assignment of error which recites that plaintiffs except *"to the ruling of the court* sustaining the demurrer of the defendant." (Italics mine.) In specifying the record this order is referred to as "the order of the court of Oct. 24, 1941, sustaining the motion and demurrer of the defendant."

The real nature of the pleading which the judge sustained by his order was that of demurrer to both amendment and petition. So when exception was taken to the ruling "sustaining the demurrer," in my judgment it reached the whole order. But even if the exception improperly or insufficiently characterized the order, the exception itself was *"to the ruling of the court"* (italics mine). I do not think the court made two rulings in the sense treated in the majority opinion. It does not appear nor could it be suggested that the losing party was acquiescing in any portion of the order; and unless it did so affirmatively appear, it should not be so treated when "the ruling" is excepted to. The majority opinion in effect dismisses because it refuses to review that portion of plaintiffs' case; and the terms of the Code, § 6-1307, should be applied. The court is fully enabled "to ascertain substantially the real questions in the case which the parties seek to have decided therein."